# EXHIBIT  #1

S.B. No. 8

1                              AN ACT

2     relating to abortion, including abortions after detection of an

3     unborn child's heartbeat; authorizing a private civil right of

4     action.

5          BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:

6          SECTION 1.   This Act shall be known as the Texas Heartbeat

7     Act.

8          SECTION 2.   The legislature finds that the State of Texas

9     never repealed, either expressly or by implication, the state

10    statutes enacted before the ruling in *Roe v. Wade*, 410 U.S. 113

11    (1973), that prohibit and criminalize abortion unless the mother's

12    life is in danger.

13         SECTION 3.   Chapter 171, Health and Safety Code, is amended

14    by adding Subchapter H to read as follows:

15              SUBCHAPTER H.  DETECTION OF FETAL HEARTBEAT

16         Sec. 171.201.   DEFINITIONS.  In this subchapter:

17              (1)  "Fetal heartbeat" means cardiac activity or the

18    steady and repetitive rhythmic contraction of the fetal heart

19    within the gestational sac.

20              (2)  "Gestational age" means the amount of time that

21    has elapsed from the first day of a woman's last menstrual period.

22              (3)  "Gestational sac" means the structure comprising

23    the extraembryonic membranes that envelop the unborn child and that

24    is typically visible by ultrasound after the fourth week of

1

S.B. No. 8

1  pregnancy.

2          (4)  "Physician"  means  an  individual  licensed  to
3  practice medicine in this state, including a medical doctor and a
4  doctor of osteopathic medicine.

5          (5)  "Pregnancy"  means  the  human  female  reproductive
6  condition that:

7              (A)  begins with fertilization;

8              (B)  occurs  when  the  woman  is  carrying  the
9  developing human offspring; and

10              (C)  is  calculated  from  the  first  day  of  the
11  woman's last menstrual period.

12          (6)  "Standard  medical  practice"  means  the  degree  of
13  skill,  care,  and  diligence  that  an  obstetrician  of  ordinary
14  judgment, learning, and skill would employ in like circumstances.

15          (7)  "Unborn child" means a human fetus or embryo in any
16  stage of gestation from fertilization until birth.

17      Sec. 171.202.  LEGISLATIVE FINDINGS. The legislature finds,
18  according to contemporary medical research, that:

19          (1)  fetal heartbeat has become a key medical predictor
20  that an unborn child will reach live birth;

21          (2)  cardiac  activity  begins  at  a  biologically
22  identifiable  moment  in  time,  normally  when  the  fetal  heart  is
23  formed in the gestational sac;

24          (3)  Texas has compelling interests from the outset of
25  a woman's pregnancy in protecting the health of the woman and the
26  life of the unborn child; and

27          (4)  to  make  an  informed  choice  about  whether  to

S.B. No. 8

1  continue her pregnancy, the pregnant woman has a compelling
2  interest in knowing the likelihood of her unborn child surviving to
3  full-term birth based on the presence of cardiac activity.

4      Sec. 171.203.  DETERMINATION OF PRESENCE OF FETAL HEARTBEAT
5  REQUIRED; RECORD.  (a)  For the purposes of determining the
6  presence of a fetal heartbeat under this section, "standard medical
7  practice" includes employing the appropriate means of detecting the
8  heartbeat based on the estimated gestational age of the unborn
9  child and the condition of the woman and her pregnancy.

10      (b)  Except as provided by Section 171.205, a physician may
11  not knowingly perform or induce an abortion on a pregnant woman
12  unless the physician has determined, in accordance with this
13  section, whether the woman's unborn child has a detectable fetal
14  heartbeat.

15      (c)  In making a determination under Subsection (b), the
16  physician must use a test that is:

17          (1)  consistent with the physician's good faith and
18  reasonable understanding of standard medical practice; and

19          (2)  appropriate for the estimated gestational age of
20  the unborn child and the condition of the pregnant woman and her
21  pregnancy.

22      (d)  A physician making a determination under Subsection (b)
23  shall record in the pregnant woman's medical record:

24          (1)  the estimated gestational age of the unborn child;

25          (2)  the method used to estimate the gestational age;
26  and

27          (3)  the test used for detecting a fetal heartbeat,

S.B. No. 8

1  including the date, time, and results of the test.

2      Sec. 171.204.  PROHIBITED ABORTION OF UNBORN CHILD WITH

3  DETECTABLE FETAL HEARTBEAT; EFFECT.  (a)  Except as provided by

4  Section 171.205, a physician may not knowingly perform or induce an

5  abortion on a pregnant woman if the physician detected a fetal

6  heartbeat for the unborn child as required by Section 171.203 or

7  failed to perform a test to detect a fetal heartbeat.

8      (b)  A physician does not violate this section if the

9  physician performed a test for a fetal heartbeat as required by

10  Section 171.203 and did not detect a fetal heartbeat.

11      (c)  This section does not affect:

12          (1)  the provisions of this chapter that restrict or

13  regulate an abortion by a particular method or during a particular

14  stage of pregnancy; or

15          (2)  any other provision of state law that regulates or

16  prohibits abortion.

17      Sec. 171.205.  EXCEPTION FOR MEDICAL EMERGENCY; RECORDS.

18  (a)  Sections 171.203 and 171.204 do not apply if a physician

19  believes a medical emergency exists that prevents compliance with

20  this subchapter.

21      (b)  A physician who performs or induces an abortion under

22  circumstances described by Subsection (a) shall make written

23  notations in the pregnant woman's medical record of:

24          (1)  the physician's belief that a medical emergency

25  necessitated the abortion; and

26          (2)  the medical condition of the pregnant woman that

27  prevented compliance with this subchapter.

4

S.B. No. 8

1    (c)  A physician performing or inducing an abortion under
2    this section shall maintain in the physician's practice records a
3    copy of the notations made under Subsection (b).

4    Sec. 171.206.  CONSTRUCTION OF SUBCHAPTER.  (a)  This
5    subchapter does not create or recognize a right to abortion before a
6    fetal heartbeat is detected.

7    (b)  This subchapter may not be construed to:

8    (1)  authorize the initiation of a cause of action
9    against or the prosecution of a woman on whom an abortion is
10   performed or induced or attempted to be performed or induced in
11   violation of this subchapter;

12   (2)  wholly or partly repeal, either expressly or by
13   implication, any other statute that regulates or prohibits
14   abortion, including Chapter 6-1/2, Title 71, Revised Statutes; or

15   (3)  restrict a political subdivision from regulating
16   or prohibiting abortion in a manner that is at least as stringent as
17   the laws of this state.

18   Sec. 171.207.  LIMITATIONS ON PUBLIC ENFORCEMENT.
19   (a) Notwithstanding Section 171.005 or any other law, the
20   requirements of this subchapter shall be enforced exclusively
21   through the private civil actions described in Section 171.208.  No
22   enforcement of this subchapter, and no enforcement of Chapters 19
23   and 22, Penal Code, in response to violations of this subchapter,
24   may be taken or threatened by this state, a political subdivision, a
25   district or county attorney, or an executive or administrative
26   officer or employee of this state or a political subdivision
27   against any person, except as provided in Section 171.208.

5

S.B. No. 8

1      (b)   Subsection (a) may not be construed to:

2           (1)   legalize the conduct prohibited by this subchapter

3    or by Chapter 6-1/2, Title 71, Revised Statutes;

4           (2)   limit in any way or affect the availability of a

5    remedy established by Section 171.208; or

6           (3)   limit the enforceability of any other laws that

7    regulate or prohibit abortion.

8      Sec. 171.208.   CIVIL LIABILITY FOR VIOLATION OR AIDING OR

9    ABETTING VIOLATION.   (a)   Any person, other than an officer or

10   employee of a state or local governmental entity in this state, may

11   bring a civil action against any person who:

12          (1)   performs or induces an abortion in violation of

13   this subchapter;

14          (2)   knowingly engages in conduct that aids or abets

15   the performance or inducement of an abortion, including paying for

16   or reimbursing the costs of an abortion through insurance or

17   otherwise, if the abortion is performed or induced in violation of

18   this subchapter, regardless of whether the person knew or should

19   have known that the abortion would be performed or induced in

20   violation of this subchapter; or

21          (3)   intends to engage in the conduct described by

22   Subdivision (1) or (2).

23     (b)   If a claimant prevails in an action brought under this

24   section, the court shall award:

25          (1)   injunctive relief sufficient to prevent the

26   defendant from violating this subchapter or engaging in acts that

27   aid or abet violations of this subchapter;

6

S.B. No. 8

1          (2)  statutory damages in an amount of not less than
2  $10,000 for each abortion that the defendant performed or induced
3  in violation of this subchapter, and for each abortion performed or
4  induced in violation of this subchapter that the defendant aided or
5  abetted; and
6          (3)  costs and attorney's fees.
7      (c)  Notwithstanding Subsection (b), a court may not award
8  relief under this section in response to a violation of Subsection
9  (a)(1) or (2) if the defendant demonstrates that the defendant
10  previously  paid  the  full  amount  of  statutory  damages  under
11  Subsection (b)(2) in a previous action for that particular abortion
12  performed or induced in violation of this subchapter, or for the
13  particular conduct that aided or abetted an abortion performed or
14  induced in violation of this subchapter.
15      (d)  Notwithstanding Chapter 16, Civil Practice and Remedies
16  Code, or any other law, a person may bring an action under this
17  section not later than the fourth anniversary of the date the cause
18  of action accrues.
19      (e)  Notwithstanding any other law, the following are not a
20  defense to an action brought under this section:
21          (1)  ignorance or mistake of law;
22          (2)  a defendant's belief that the requirements of this
23  subchapter are unconstitutional or were unconstitutional;
24          (3)  a defendant's reliance on any court decision that
25  has been overruled on appeal or by a subsequent court, even if that
26  court decision had not been overruled when the defendant engaged in
27  conduct that violates this subchapter;

7

S.B. No. 8

1         (4)  a defendant's reliance on any state or federal

2 court decision that is not binding on the court in which the action

3 has been brought;

4         (5)  non-mutual issue preclusion or non-mutual claim

5 preclusion;

6         (6)  the consent of the unborn child's mother to the

7 abortion; or

8         (7)  any claim that the enforcement of this subchapter

9 or the imposition of civil liability against the defendant will

10 violate the constitutional rights of third parties, except as

11 provided by Section 171.209.

12     (f)  It is an affirmative defense if:

13         (1)  a person sued under Subsection (a)(2) reasonably

14 believed, after conducting a reasonable investigation, that the

15 physician performing or inducing the abortion had complied or would

16 comply with this subchapter; or

17         (2)  a person sued under Subsection (a)(3) reasonably

18 believed, after conducting a reasonable investigation, that the

19 physician performing or inducing the abortion will comply with this

20 subchapter.

21     (f-1)  The defendant has the burden of proving an affirmative

22 defense under Subsection (f)(1) or (2) by a preponderance of the

23 evidence.

24     (g)  This section may not be construed to impose liability on

25 any speech or conduct protected by the First Amendment of the United

26 States Constitution, as made applicable to the states through the

27 United States Supreme Court's interpretation of the Fourteenth

8

S.B. No. 8

1  Amendment of the United States Constitution, or by Section 8,

2  Article I, Texas Constitution.

3      (h)  Notwithstanding any other law, this state, a state

4  official, or a district or county attorney may not intervene in an

5  action brought under this section.  This subsection does not

6  prohibit a person described by this subsection from filing an

7  amicus curiae brief in the action.

8      (i)  Notwithstanding any other law, a court may not award

9  costs or attorney's fees under the Texas Rules of Civil Procedure or

10 any other rule adopted by the supreme court under Section 22.004,

11 Government Code, to a defendant in an action brought under this

12 section.

13     (j)  Notwithstanding any other law, a civil action under this

14 section may not be brought by a person who impregnated the abortion

15 patient through an act of rape, sexual assault, incest, or any other

16 act prohibited by Sections 22.011, 22.021, or 25.02, Penal Code.

17     Sec. 171.209.  CIVIL LIABILITY:   UNDUE BURDEN DEFENSE

18 LIMITATIONS.  (a)  A defendant against whom an action is brought

19 under Section 171.208 does not have standing to assert the rights of

20 women seeking an abortion as a defense to liability under that

21 section unless:

22         (1)  the United States Supreme Court holds that the

23 courts of this state must confer standing on that defendant to

24 assert the third-party rights of women seeking an abortion in state

25 court as a matter of federal constitutional law; or

26         (2)  the defendant has standing to assert the rights of

27 women seeking an abortion under the tests for third-party standing

S.B. No. 8

1    established by the United States Supreme Court.

2         (b)  A defendant in an action brought under Section 171.208

3    may assert an affirmative defense to liability under this section

4    if:

5              (1)  the  defendant  has  standing  to  assert  the

6    third-party rights of a woman or group of women seeking an abortion

7    in accordance with Subsection (a); and

8              (2)  the defendant demonstrates that the relief sought

9    by the claimant will impose an undue burden on that woman or that

10   group of women seeking an abortion.

11        (c)  A court may not find an undue burden under Subsection

12   (b) unless the defendant introduces evidence proving that:

13             (1)  an award of relief will prevent a woman or a group

14   of women from obtaining an abortion; or

15             (2)  an  award  of  relief  will  place  a  substantial

16   obstacle in the path of a woman or a group of women who are seeking

17   an abortion.

18        (d)  A defendant may not establish an undue burden under this

19   section by:

20             (1)  merely demonstrating that an award of relief will

21   prevent women from obtaining support or assistance, financial or

22   otherwise, from others in their effort to obtain an abortion; or

23             (2)  arguing or attempting to demonstrate that an award

24   of relief against other defendants or other potential defendants

25   will impose an undue burden on women seeking an abortion.

26        (e)  The  affirmative  defense  under  Subsection  (b)  is  not

27   available if the United States Supreme Court overrules *Roe v. Wade*,

S.B. No. 8

1  410 U.S. 113 (1973) or *Planned Parenthood v. Casey*, 505 U.S. 833
2  (1992), regardless of whether the conduct on which the cause of
3  action is based under Section 171.208 occurred before the Supreme
4  Court overruled either of those decisions.

5        (f)  Nothing in this section shall in any way limit or
6  preclude a defendant from asserting the defendant's personal
7  constitutional rights as a defense to liability under Section
8  171.208, and a court may not award relief under Section 171.208 if
9  the conduct for which the defendant has been sued was an exercise of
10  state or federal constitutional rights that personally belong to
11  the defendant.

12        Sec. 171.210.  CIVIL           LIABILITY:           VENUE.
13  (a)  Notwithstanding any other law, including Section 15.002,
14  Civil Practice and Remedies Code, a civil action brought under
15  Section 171.208 shall be brought in:

16        (1)  the county in which all or a substantial part of
17  the events or omissions giving rise to the claim occurred;

18        (2)  the county of residence for any one of the natural
19  person defendants at the time the cause of action accrued;

20        (3)  the county of the principal office in this state of
21  any one of the defendants that is not a natural person; or

22        (4)  the county of residence for the claimant if the
23  claimant is a natural person residing in this state.

24        (b)  If a civil action is brought under Section 171.208 in
25  any one of the venues described by Subsection (a), the action may
26  not be transferred to a different venue without the written consent
27  of all parties.

S.B. No. 8

1    Sec. 171.211. SOVEREIGN, GOVERNMENTAL, AND OFFICIAL
2  IMMUNITY PRESERVED. (a) This section prevails over any
3  conflicting law, including:
4          (1)  the Uniform Declaratory Judgments Act; and
5          (2)  Chapter 37, Civil Practice and Remedies Code.
6    (b)  This state has sovereign immunity, a political
7  subdivision has governmental immunity, and each officer and
8  employee of this state or a political subdivision has official
9  immunity in any action, claim, or counterclaim or any type of legal
10 or equitable action that challenges the validity of any provision
11 or application of this chapter, on constitutional grounds or
12 otherwise.
13   (c)  A provision of state law may not be construed to waive or
14 abrogate an immunity described by Subsection (b) unless it
15 expressly waives immunity under this section.
16   Sec. 171.212. SEVERABILITY. (a) Mindful of *Leavitt v.*
17 *Jane L.*, 518 U.S. 137 (1996), in which in the context of determining
18 the severability of a state statute regulating abortion the United
19 States Supreme Court held that an explicit statement of legislative
20 intent is controlling, it is the intent of the legislature that
21 every provision, section, subsection, sentence, clause, phrase, or
22 word in this chapter, and every application of the provisions in
23 this chapter, are severable from each other.
24   (b)  If any application of any provision in this chapter to
25 any person, group of persons, or circumstances is found by a court
26 to be invalid or unconstitutional, the remaining applications of
27 that provision to all other persons and circumstances shall be

S.B. No. 8

1   severed  and  may  not  be  affected.   All  constitutionally  valid

2   applications of this chapter shall be severed from any applications

3   that a court finds to be invalid, leaving the valid applications in

4   force, because it is the legislature's intent and priority that the

5   valid applications be allowed to stand alone.  Even if a reviewing

6   court finds a provision of this chapter to impose an undue burden in

7   a large or substantial fraction of relevant cases, the applications

8   that  do  not  present  an  undue  burden  shall  be  severed  from  the

9   remaining  applications  and  shall  remain  in  force,  and  shall  be

10  treated as if the legislature had enacted a statute limited to the

11  persons, group of persons, or circumstances for which the statute's

12  application does not present an undue burden.

13      (b-1)  If any court declares or finds a provision of this

14  chapter facially unconstitutional, when discrete applications of

15  that provision can be enforced against a person, group of persons,

16  or circumstances without violating the United States Constitution

17  and Texas Constitution, those applications shall be severed from

18  all  remaining  applications  of  the  provision,  and  the  provision

19  shall be interpreted as if the legislature had enacted a provision

20  limited  to  the  persons,  group  of  persons,  or  circumstances  for

21  which  the  provision's  application  will  not  violate  the  United

22  States Constitution and Texas Constitution.

23      (c)  The  legislature  further  declares  that  it  would  have

24  enacted this chapter, and each provision, section, subsection,

25  sentence,  clause,  phrase,  or  word,  and  all  constitutional

26  applications of this chapter, irrespective of the fact that any

27  provision, section, subsection, sentence, clause, phrase, or word,

S.B. No. 8

1  or applications of this chapter, were to be declared

2  unconstitutional or to represent an undue burden.

3      (d)  If any provision of this chapter is found by any court to

4  be unconstitutionally vague, then the applications of that

5  provision that do not present constitutional vagueness problems

6  shall be severed and remain in force.

7      (e)  No court may decline to enforce the severability

8  requirements of Subsections (a), (b), (b-1), (c), and (d) on the

9  ground that severance would rewrite the statute or involve the

10  court in legislative or lawmaking activity.  A court that declines

11  to enforce or enjoins a state official from enforcing a statutory

12  provision does not rewrite a statute, as the statute continues to

13  contain the same words as before the court's decision.  A judicial

14  injunction or declaration of unconstitutionality:

15      (1)  is nothing more than an edict prohibiting

16  enforcement that may subsequently be vacated by a later court if

17  that court has a different understanding of the requirements of the

18  Texas Constitution or United States Constitution;

19      (2)  is not a formal amendment of the language in a

20  statute; and

21      (3)  no more rewrites a statute than a decision by the

22  executive not to enforce a duly enacted statute in a limited and

23  defined set of circumstances.

24      SECTION 4.  Chapter 30, Civil Practice and Remedies Code, is

25  amended by adding Section 30.022 to read as follows:

26      Sec. 30.022.  AWARD OF ATTORNEY'S FEES IN ACTIONS

27  CHALLENGING ABORTION LAWS.  (a)  Notwithstanding any other law, any

S.B. No. 8

1  person, including an entity, attorney, or law firm, who seeks

2  declaratory or injunctive relief to prevent this state, a political

3  subdivision, any governmental entity or public official in this

4  state, or any person in this state from enforcing any statute,

5  ordinance, rule, regulation, or any other type of law that

6  regulates or restricts abortion or that limits taxpayer funding for

7  individuals or entities that perform or promote abortions, in any

8  state or federal court, or that represents any litigant seeking

9  such relief in any state or federal court, is jointly and severally

10 liable to pay the costs and attorney's fees of the prevailing party.

11      (b)  For purposes of this section, a party is considered a

12 prevailing party if a state or federal court:

13          (1)  dismisses any claim or cause of action brought

14 against the party that seeks the declaratory or injunctive relief

15 described by Subsection (a), regardless of the reason for the

16 dismissal; or

17          (2)  enters judgment in the party's favor on any such

18 claim or cause of action.

19      (c)  Regardless of whether a prevailing party sought to

20 recover costs or attorney's fees in the underlying action, a

21 prevailing party under this section may bring a civil action to

22 recover costs and attorney's fees against a person, including an

23 entity, attorney, or law firm, that sought declaratory or

24 injunctive relief described by Subsection (a) not later than the

25 third anniversary of the date on which, as applicable:

26          (1)  the dismissal or judgment described by Subsection

27 (b) becomes final on the conclusion of appellate review; or

S.B. No. 8

1    (2)  the time for seeking appellate review expires.

2    (d)  It is not a defense to an action brought under

3    Subsection (c) that:

4        (1)  a prevailing party under this section failed to

5    seek recovery of costs or attorney's fees in the underlying action;

6        (2)  the court in the underlying action declined to

7    recognize or enforce the requirements of this section; or

8        (3)  the court in the underlying action held that any

9    provisions of this section are invalid, unconstitutional, or

10   preempted by federal law, notwithstanding the doctrines of issue or

11   claim preclusion.

12       SECTION 5.  Subchapter C, Chapter 311, Government Code, is

13   amended by adding Section 311.036 to read as follows:

14       Sec. 311.036.  CONSTRUCTION OF ABORTION STATUTES.  (a)  A

15   statute that regulates or prohibits abortion may not be construed

16   to repeal any other statute that regulates or prohibits abortion,

17   either wholly or partly, unless the repealing statute explicitly

18   states that it is repealing the other statute.

19       (b)  A statute may not be construed to restrict a political

20   subdivision from regulating or prohibiting abortion in a manner

21   that is at least as stringent as the laws of this state unless the

22   statute explicitly states that political subdivisions are

23   prohibited from regulating or prohibiting abortion in the manner

24   described by the statute.

25       (c)  Every statute that regulates or prohibits abortion is

26   severable in each of its applications to every person and

27   circumstance.  If any statute that regulates or prohibits abortion

S.B. No. 8

1   is found by any court to be unconstitutional, either on its face or

2   as applied, then all applications of that statute that do not

3   violate the United States Constitution and Texas Constitution shall

4   be severed from the unconstitutional applications and shall remain

5   enforceable, notwithstanding any other law, and the statute shall

6   be interpreted as if containing language limiting the statute's

7   application to the persons, group of persons, or circumstances for

8   which the statute's application will not violate the United States

9   Constitution and Texas Constitution.

10      SECTION 6.  Section 171.005, Health and Safety Code, is

11  amended to read as follows:

12      Sec. 171.005.  COMMISSION    [DEPARTMENT]    TO    ENFORCE;

13  EXCEPTION.  The commission [department] shall enforce this chapter

14  except for Subchapter H, which shall be enforced exclusively

15  through the private civil enforcement actions described by Section

16  171.208 and may not be enforced by the commission.

17      SECTION 7.  Subchapter A, Chapter 171, Health and Safety

18  Code, is amended by adding Section 171.008 to read as follows:

19      Sec. 171.008.  REQUIRED DOCUMENTATION.  (a)  If an abortion

20  is performed or induced on a pregnant woman because of a medical

21  emergency, the physician who performs or induces the abortion shall

22  execute a written document that certifies the abortion is necessary

23  due to a medical emergency and specifies the woman's medical

24  condition requiring the abortion.

25      (b)  A physician shall:

26      (1)  place the document described by Subsection (a) in

27  the pregnant woman's medical record; and

17

S.B. No. 8

1      (2)  maintain a copy of the document described by

2  Subsection (a) in the physician's practice records.

3      (c)  A physician who performs or induces an abortion on a

4  pregnant woman shall:

5      (1)  if the abortion is performed or induced to

6  preserve the health of the pregnant woman, execute a written

7  document that:

8      (A)  specifies the medical condition the abortion

9  is asserted to address; and

10      (B)  provides the medical rationale for the

11  physician's conclusion that the abortion is necessary to address

12  the medical condition; or

13      (2)  for an abortion other than an abortion described

14  by Subdivision (1), specify in a written document that maternal

15  health is not a purpose of the abortion.

16      (d)  The physician shall maintain a copy of a document

17  described by Subsection (c) in the physician's practice records.

18      SECTION 8.  Section 171.012(a), Health and Safety Code, is

19  amended to read as follows:

20      (a)  Consent to an abortion is voluntary and informed only

21  if:

22      (1)  the physician who is to perform or induce the

23  abortion informs the pregnant woman on whom the abortion is to be

24  performed or induced of:

25      (A)  the physician's name;

26      (B)  the particular medical risks associated with

27  the particular abortion procedure to be employed, including, when

S.B. No. 8

1  medically accurate:

2                              (i)   the risks of infection and hemorrhage;

3                              (ii)   the potential danger to a subsequent

4  pregnancy and of infertility; and

5                              (iii)   the possibility of increased risk of

6  breast cancer following an induced abortion and the natural

7  protective effect of a completed pregnancy in avoiding breast

8  cancer;

9                         (C)   the probable gestational age of the unborn

10 child at the time the abortion is to be performed or induced; and

11                         (D)   the medical risks associated with carrying

12 the child to term;

13             (2)   the physician who is to perform or induce the

14 abortion or the physician's agent informs the pregnant woman that:

15                         (A)   medical assistance benefits may be available

16 for prenatal care, childbirth, and neonatal care;

17                         (B)   the father is liable for assistance in the

18 support of the child without regard to whether the father has

19 offered to pay for the abortion; and

20                         (C)   public and private agencies provide

21 pregnancy prevention counseling and medical referrals for

22 obtaining pregnancy prevention medications or devices, including

23 emergency contraception for victims of rape or incest;

24             (3)   the physician who is to perform or induce the

25 abortion or the physician's agent:

26                         (A)   provides the pregnant woman with the printed

27 materials described by Section 171.014; and

19

S.B. No. 8

1          (B)  informs  the  pregnant  woman  that  those

2  materials:

3                (i)  have  been  provided  by  the  <u>commission</u>

4  [~~Department of State Health Services~~];

5                (ii)  are  accessible  on  an  Internet  website

6  sponsored  by  the  <u>commission</u>  [~~department~~];

7                (iii)  describe  the  unborn  child  and  list

8  agencies that offer alternatives to abortion; and

9                (iv)  include  a  list  of  agencies  that  offer

10  sonogram services at no cost to the pregnant woman;

11          (4)  before  any  sedative  or  anesthesia  is  administered

12  to the pregnant woman and at least 24 hours before the abortion or

13  at least two hours before the abortion if the pregnant woman waives

14  this requirement by certifying that she currently lives 100 miles

15  or  more  from  the  nearest  abortion  provider  that  is  a  facility

16  licensed under Chapter 245 or a facility that performs more than 50

17  abortions in any 12-month period:

18                (A)  the physician who is to perform <u>or induce</u> the

19  abortion or an agent of the physician who is also a sonographer

20  certified by a national registry of medical sonographers performs a

21  sonogram  on  the  pregnant  woman  on  whom  the  abortion  is  to  be

22  performed <u>or induced</u>;

23                (B)  the physician who is to perform <u>or induce</u> the

24  abortion displays the sonogram images in a quality consistent with

25  current  medical  practice  in  a  manner  that  the  pregnant  woman  may

26  view them;

27                (C)  the physician who is to perform <u>or induce</u> the

S.B. No. 8

1  abortion provides, in a manner understandable to a layperson, a
2  verbal explanation of the results of the sonogram images, including
3  a medical description of the dimensions of the embryo or fetus, the
4  presence of cardiac activity, and the presence of external members
5  and internal organs; and

6  (D)  the physician who is to perform or induce the
7  abortion or an agent of the physician who is also a sonographer
8  certified by a national registry of medical sonographers makes
9  audible the heart auscultation for the pregnant woman to hear, if
10  present, in a quality consistent with current medical practice and
11  provides, in a manner understandable to a layperson, a simultaneous
12  verbal explanation of the heart auscultation;

13  (5)  before receiving a sonogram under Subdivision
14  (4)(A) and before the abortion is performed or induced and before
15  any sedative or anesthesia is administered, the pregnant woman
16  completes and certifies with her signature an election form that
17  states as follows:

18  "ABORTION AND SONOGRAM ELECTION

19  (1)  THE INFORMATION AND PRINTED MATERIALS DESCRIBED BY
20  SECTIONS 171.012(a)(1)-(3), TEXAS HEALTH AND SAFETY CODE, HAVE BEEN
21  PROVIDED AND EXPLAINED TO ME.

22  (2)  I UNDERSTAND THE NATURE AND CONSEQUENCES OF AN
23  ABORTION.

24  (3)  TEXAS LAW REQUIRES THAT I RECEIVE A SONOGRAM PRIOR
25  TO RECEIVING AN ABORTION.

26  (4)  I UNDERSTAND THAT I HAVE THE OPTION TO VIEW THE
27  SONOGRAM IMAGES.

21

S.B. No. 8

1          (5)  I UNDERSTAND THAT I HAVE THE OPTION TO HEAR THE
2  HEARTBEAT.

3          (6)  I UNDERSTAND THAT I AM REQUIRED BY LAW TO HEAR AN
4  EXPLANATION OF THE SONOGRAM IMAGES UNLESS I CERTIFY IN WRITING TO
5  ONE OF THE FOLLOWING:

6          ____  I AM PREGNANT AS A RESULT OF A SEXUAL ASSAULT,
7  INCEST, OR OTHER VIOLATION OF THE TEXAS PENAL CODE THAT HAS BEEN
8  REPORTED TO LAW ENFORCEMENT AUTHORITIES OR THAT HAS NOT BEEN
9  REPORTED BECAUSE I REASONABLY BELIEVE THAT DOING SO WOULD PUT ME AT
10  RISK OF RETALIATION RESULTING IN SERIOUS BODILY INJURY.

11          ____  I AM A MINOR AND OBTAINING AN ABORTION IN ACCORDANCE
12  WITH JUDICIAL BYPASS PROCEDURES UNDER CHAPTER 33, TEXAS FAMILY
13  CODE.

14          ____  MY UNBORN CHILD [FETUS] HAS AN IRREVERSIBLE MEDICAL
15  CONDITION OR ABNORMALITY, AS IDENTIFIED BY RELIABLE DIAGNOSTIC
16  PROCEDURES AND DOCUMENTED IN MY MEDICAL FILE.

17          (7)  I AM MAKING THIS ELECTION OF MY OWN FREE WILL AND
18  WITHOUT COERCION.

19          (8)  FOR A WOMAN WHO LIVES 100 MILES OR MORE FROM THE
20  NEAREST ABORTION PROVIDER THAT IS A FACILITY LICENSED UNDER CHAPTER
21  245, TEXAS HEALTH AND SAFETY CODE, OR A FACILITY THAT PERFORMS MORE
22  THAN 50 ABORTIONS IN ANY 12-MONTH PERIOD ONLY:

23          I CERTIFY THAT, BECAUSE I CURRENTLY LIVE 100 MILES OR
24  MORE FROM THE NEAREST ABORTION PROVIDER THAT IS A FACILITY LICENSED
25  UNDER CHAPTER 245 OR A FACILITY THAT PERFORMS MORE THAN 50 ABORTIONS
26  IN ANY 12-MONTH PERIOD, I WAIVE THE REQUIREMENT TO WAIT 24 HOURS
27  AFTER THE SONOGRAM IS PERFORMED BEFORE RECEIVING THE ABORTION

S.B. No. 8

1  PROCEDURE. MY PLACE OF RESIDENCE IS:_____.

2      _____      _____

3      SIGNATURE                     DATE";

4          (6)  before the abortion is performed <u>or induced</u>, the
5  physician who is to perform <u>or induce</u> the abortion receives a copy
6  of the signed, written certification required by Subdivision (5);
7  and

8          (7)  the pregnant woman is provided the name of each
9  person who provides or explains the information required under this
10 subsection.

11         SECTION 9.  Section 245.011(c), Health and Safety Code, is
12 amended to read as follows:

13     (c)  The report must include:

14         (1)  whether the abortion facility at which the
15 abortion is performed is licensed under this chapter;

16         (2)  the patient's year of birth, race, marital status,
17 and state and county of residence;

18         (3)  the type of abortion procedure;

19         (4)  the date the abortion was performed;

20         (5)  whether the patient survived the abortion, and if
21 the patient did not survive, the cause of death;

22         (6)  the probable post-fertilization age of the unborn
23 child based on the best medical judgment of the attending physician
24 at the time of the procedure;

25         (7)  the date, if known, of the patient's last menstrual
26 cycle;

27         (8)  the number of previous live births of the patient;

23

S.B. No. 8

1  [and]

2        (9)  the number of previous induced abortions of the

3  patient;

4             (10)  whether the abortion was performed or induced

5  because of a medical emergency and any medical condition of the

6  pregnant woman that required the abortion; and

7             (11)  the  information  required  under  Sections

8  171.008(a) and (c).

9        SECTION 10.  Every  provision  in  this  Act  and  every

10  application of the provision in this Act are severable from each

11  other.  If any provision or application of any provision in this Act

12  to any person, group of persons, or circumstance is held by a court

13  to be invalid, the invalidity does not affect the other provisions

14  or applications of this Act.

15        SECTION 11.  The change in law made by this Act applies only

16  to an abortion performed or induced on or after the effective date

17  of this Act.

18        SECTION 12.  This Act takes effect September 1, 2021.

S.B. No. 8

_____        _____
   President of the Senate              Speaker of the House

    I hereby certify that S.B. No. 8 passed the Senate on March 30, 2021, by the following vote: Yeas 19, Nays 12; and that the Senate concurred in House amendments on May 13, 2021, by the following vote: Yeas 18, Nays 12.

                             _____
                               Secretary of the Senate

    I hereby certify that S.B. No. 8 passed the House, with amendments, on May 6, 2021, by the following vote:  Yeas 83, Nays 64, one present not voting.

                             _____
                             Chief Clerk of the House

Approved:

_____
              Date

_____
          Governor