# EXHIBIT  #2

E-Filed for Record
1/26/2022 6:06 PM
Jack County District Clerk , TX
By: Tracie Pippin

Cause No. __22-01-014__

| | |
|---|---|
| **In re Sadie Weldon**, | IN THE DISTRICT COURT |
| | JACK COUNTY, TEXAS |
| Petitioner | 271st JUDICIAL DISTRICT |

## VERIFIED PETITION TO TAKE DEPOSITION TO INVESTIGATE A LAWSUIT

Petitioner Sadie Weldon respectfully asks the Court for permission to take a deposition by oral examination of ████████ of the Lilith Fund for Reproductive Equity. Ms. Weldon seeks this testimony to investigate potential claims brought by Ms. Weldon or others under section 171.208 of the Texas Health and Safety Code.

### PERSONS TO BE DEPOSED AND JURISDICTION

1. Petitioner Sadie Weldon is a citizen of Texas and resident of Jack County.

2. Ms. Weldon seeks to depose ████████. Upon information and belief, ████ is a resident of ████ County and may be served at ████████ ████████. ████████ telephone number is ████████.

3. In accordance with Rule 202.2(b)(1) of the Texas Rules of Civil Procedure, this petition is filed in Jack County, the county in which the venue of the anticipated suit may lie.

4. This petition is verified by Ms. Weldon, as required by Rule 202.2(a) of the Texas Rules of Civil Procedure.

### ANTICIPATED ACTION

5. This petition is filed in anticipation of possible future civil actions brought under section 171.208 of the Texas Health and Safety Code, against individuals and organizations that performed or aided or abetted abortions in violation of the Texas Heartbeat Act, also known as Senate Bill 8 or SB 8. It is also filed to investigate the possibilities for future civil actions brought under section 171.208 of the Texas Health

and Safety Code. In her capacity as deputy director of the Lilith Fund for Reproductive Equity ("Lilith Fund"), ████████ has stated in a sworn declaration that her organization knowingly and intentionally aided or abetted at least one post-heartbeat abortion in violation of the Texas Heartbeat Act. *See* Declaration of ████████ ¶ 8 (attached as Exhibit 1).

6. ████████ submitted this sworn declaration in a lawsuit that her organization brought against Texas Right to Life and its legislative director, John Seago. This lawsuit was originally filed as *Lilith Fund for Reproductive Equity v. State of Texas, et al.*, No. D-1-GN-21-004504 (Travis County), and was transferred by the multidistrict litigation panel to 98th Judicial District Court of Travis County. Those pre-trial proceedings were conducted under the caption of *Van Stean v. State of Texas, et al.*, No. D-1-GN-21-004179, and the cases are currently on appeal to the Third Court of Appeals in Austin. *See Texas Right to Life, et al. v. Van Stean, et al.*, No. 03-21-00650-CV.

7. The Lilith Fund for Reproductive Equity ("Lilith Fund") is expected to have information relevant to the potential claims that Ms. Weldon is investigating, and it is expected to have interests adverse to Ms. Weldon in any anticipated suit. The Lilith Fund's mailing address is ████████████████████████████; its registered office is at ████████████████████████; and its fax number is ████████. Its phone number is unknown.

8. ████████ is expected to have information relevant to the potential claims that Ms. Weldon is investigating, and she is expected to have interests adverse to Ms. Weldon in any anticipated suit. On information and belief, ████████ address is ██ ████████████████████, and her phone number is ████████.

9. Additional parties are expected to have information relevant to the potential claims that Ms. Weldon is investigating, as well as interests adverse to Ms. Weldon's in any anticipated suit, but the identities of those parties are currently unknown. ██

███ sworn declaration states that the Lilith Fund aided or abetted the provision of at least one post-heartbeat abortion performed in Texas. But ███ declaration does not say who provided those post-heartbeat abortions, nor does it identify the individuals who aided or abetted these illegal abortions. Ms. Weldon's goal is to use the deposition sought by this petition to ascertain the identity of all individuals and organizations who are subject to liability under section 171.208.

### NOTICE OF RELATED CASES

10.  There are no ongoing cases between Ms. Weldon and ███. There are also no ongoing cases between Ms. Weldon and the Lilith Fund.

11.  There are several ongoing cases that seek to restrain state officials and private individuals from enforcing certain provisions in SB 8. One of those cases is *Whole Woman's Health v. Jackson*, in which the plaintiffs are attempting to enjoin state licensing authorities from taking adverse action against abortion providers and medical professionals that violate the Texas Heartbeat Act. That case is currently pending in the U.S. Court of Appeals for the Fifth Circuit, after a remand from the Supreme Court of the United States. *See Whole Woman's Health v. Jackson*, No. 21-50792 (5th Cir.); *see also Whole Woman's Health v. Jackson*, 142 S. Ct. 522 (2021). On January 17, 2022, the Fifth Circuit certified a state-law question to the Supreme Court of Texas. *See Whole Woman's Health v. Jackson*, --- F.4th ----, 2022 WL 142193 (5th Cir.). Those certification proceedings remain pending in the state supreme court.

12.  A coalition of abortion providers and abortion funds has also filed suit in state court to restrain Texas Right to Life and its legislative director, John Seago, from initiating lawsuits against them under section 171.208 of the Texas Health and Safety Code. The district judge in those cases denied the defendants' motion to dismiss un-

der the Texas Citizens Participation Act, and the defendants have taken an interlocu-
tory appeal from that ruling. That appeal is currently pending in the Third Court of
Appeals. *See Texas Right to Life v. Van Stean*, No. 03-21-00650-CV.

## BACKGROUND

13.  The Texas Heartbeat Act, also known as SB 8, outlaws abortion after a fetal
heartbeat is detectable. *See* Tex. Health & Safety Code § 171.204.

14.  SB 8 prohibits state officials from enforcing the law. *See* Tex. Health & Safety
Code § 171.207. Instead of public enforcement by state officials, SB 8 establishes a
private right of action that authorizes individuals to sue those who violate the statute.
*See* Tex. Health & Safety Code § 171.208. These private civil-enforcement suits may
be brought against anyone who "performs or induces" a post-heartbeat abortion, *see
id*. at § 171.208(a)(1), as well as anyone who "knowingly engages in conduct that
aids or abets the performance or inducement of an abortion, including paying for or
reimbursing the costs of an abortion through insurance or otherwise, if the abortion
is performed or induced in violation of [SB 8]," *id*. at § 171.208(a)(2). Lawsuits may
also be brought against anyone who "intends" to perform or aid or abet a post-heart-
beat abortion in Texas.

15.  A plaintiff who successfully sues an individual or organization under section
171.208 is entitled to injunctive relief and $10,000 in statutory damages for each
unlawful abortion that the defendant performed or facilitated, plus costs and attor-
neys' fees. *See* Tex. Health & Safety Code § 171.208(b).

16.  The Texas Heartbeat Act took effect on September 1, 2021, and it has re-
mained in effect as the law of Texas since that time.

17.  The person that Ms. Weldon seeks to depose is the leader of an organization
that helps women in Texas abort their unborn children. ███████ is deputy direc-
tor of the Lilith Fund for Reproductive Equity ("Lilith Fund"). She is "responsible

for executing Lilith Fund's mission, ensuring our programs are effective and efficient, and supervising staff and volunteers." ███ Decl. ¶ 3 (attached as Exhibit 1).

18.  The Lilith Fund aids or abets abortion in Texas through a variety of means. As ███ explained in a sworn statement, the Lilith Fund "provides financial assistance and emotional support for people needing abortions in Texas." ███ Decl. ¶ 4 (attached as Exhibit 1).

19.  Since the Texas Heartbeat Act took effect on September 1, 2021, the Lilith Fund has aided or abetted at least one post-heartbeat abortion in violation of the law. In her sworn declaration, ███ stated:

> Lilith Fund has engaged in conduct with the intent to assist pregnant Texans obtain abortions after the detection of cardiac activity. Specifically, following the entry of an injunction by the Honorable Robert Pitman on October 6, 2021, Lilith Fund paid for at least one abortion without confirming the gestational age of the client's pregnancy and at least one abortion with the belief that the client's pregnancy was after the period in which cardiac activity is usually detectable. In doing so, it was Lilith Fund's intention to pay for the abortions even if cardiac activity was detected.

███ Decl. ¶ 8 (attached as Exhibit 1).

20.  Ms. ███ sworn declaration also states that the Lilith Fund "partners with several abortion providers in northern Texas. This includes "clinics that have publicly confirmed that post-cardiac activity abortions were performed" in violation of the Texas Heartbeat Act. ███ Decl. ¶ 9 (attached as Exhibit 1).

## REQUEST FOR DEPOSITION

21.  Ms. Weldon seeks a court order authorizing her to depose ███ because she seeks to investigate potential claims that she or others might bring under section 171.208 of the Texas Health and Safety Code, against any person or organization that performed or aided or abetted illegal post-heartbeat abortions of the type described in ███ declaration. *See* Tex. R. Civ. P. 202(d)(2).

22.  Ms. Weldon additionally seeks to depose ██████ because she anticipates the institution of a suit in which ██████ or the Lilith Fund may be a party. *See* Tex. R. Civ. P. 202(d)(1).

23.  There is good reason for this court to find that deposing ██████ at this time is the best way to avoid a delay or failure of justice in an anticipated suit. *See* Tex. R. Civ. P. 202.4(a). In addition, the likely benefit of allowing Ms. Weldon to depose ██████ to investigate a potential claim outweighs the burden or expense of the procedure. *See* Tex. R. Civ. P. 202.4(b).

24.  Ms. Weldon is considering whether to sue individuals and organizations that performed or facilitated the illegal abortions described in ██████ declaration. The sworn statement of ██████ makes it clear that the Lilith Fund has violated the Texas Heartbeat Act in a manner that could expose its employees, volunteers, and donors to liability under section 171.208 of the Texas Health and Safety Code.

25.  Yet Ms. Weldon is unwilling to file suit as this time because she is still investigating the range of potential defendants, as well as any possible defenses or substantive arguments that they might raise in the litigation. Ms. Weldon expects to be able to better evaluate the prospects for legal success after deposing ██████ and discovering the extent of involvement of each individual that aided or abetted post-heartbeat abortions in violation of SB 8.

26.  Ms. Weldon also wishes to preserve evidence of how the Lilith Fund aided or abetted abortions in violation of SB 8, as well as evidence surrounding the involvement of each individual who aided or abetted these illegal abortions. Ms. Weldon seeks to depose ██████ on topics including the following: the Lilith Fund's exact role in supporting, funding, and facilitating abortions provided in violation of the Texas Heartbeat Act; the identity of each individual or entity that the Lilith Fund collaborated with in providing these illegal abortions; the number of illegal abortions provided; whether the Lilith Fund has in any way distinguished its funding streams

for advocacy and its funding streams for conduct that aids or abets illegal abortions performed in Texas; and the sources of financial support for the Lilith Fund. Ms. Weldon also seeks discovery of documents[1] that reveal the sources of funding for Lilith Fund's operations and address the issues that will be covered in the deposition.

27. Deposing ██████████ allows Ms. Weldon to preserve evidence of great importance to the anticipated litigation. ██████████ sworn declaration already attests to her knowledge of violations of the law. What Ms. Weldon does not know is how many violations occurred and what other parties were involved in providing these illegal abortions. The value of this information to any subsequent litigation, and to the important policies embodied in the Heartbeat Act, is high. It is, indeed, essential to be able to implement the law.

28. Delay in obtaining this evidence increases the chances that information about the abortions provided will be forgotten and that documentation will become more difficult to obtain. Given the widespread press coverage of the Texas Heartbeat Act, including attention to the risks taken by abortion providers who choose to violate the

---

1. The scope of a pre-suit deposition under Rule 202 is the same as a regular deposition of non-parties in litigation. *See* Tex. R. Civ. P. 202.5. This specifically allows document-production requests. *See* Tex. R. Civ. P. 199.2(b)(5) (providing for requests for production along with a deposition notice); Tex. R. Civ. P. 205.1(c) (providing for noticing document production requests to nonparties); *In re City of Tatum*, 567 S.W.3d 800, 808 (Tex. App. 2018) ("The "language of these rules when read together permits a petition seeking a pre-suit deposition under Rule 202 to also request the production of documents.'" quoting *In re Anand*, No. 01-12-01106-CV, 2013 WL 1316436, at *3 (Tex. App. Apr. 2, 2013)). *See also City of Dallas v. City of Corsicana*, No. 10-14-00090-CV, 2015 WL 4985935, at *6 (Tex. App. Aug. 20, 2015) ("Under rule 202, documents can be requested in connection with a deposition."). While some courts have refused to permit document discovery under Rule 202, *see, e.g.*, *In re Pickrell*, No. 10-17-00091-CV, 2017 WL 1452851, at *6 (Tex. App. Apr. 19, 2017), they have not analyzed the text of Rule 202.5 or its relationship to Rule 199. *See In re City of Tatum*, 567 S.W.3d 800, 808 n. 7 (Tex. App. 2018) (criticizing courts denying document production under Rule 202).

Act's provisions,[2] there is considerable incentive for violators to hide or obscure any record of their involvement in unlawful activities.

29.  Without the documentation, there would be a risk of miscarriage or delay of justice, as the law of Texas would be difficult or impossible to enforce. The policy of the state will be thwarted if it is not possible to identify the parties complicit in providing illegal abortions.

30.  It would also enhance judicial efficiency to allow the eventual lawsuit to consider the entire chain of events (from funding to actual performance of the abortion) involved in the particular violations of SB 8 that ▮▮▮▮▮ described in her sworn statement. Waiting for discovery in the course of litigation not only runs increased risks of forgetfulness or record-keeping deficiencies. It also has costs to the administration of justice in that the courts would have to adjudicate the matters either in separate proceedings, or through complaints successively amended to add additional defendants. Allowing deposition under Rule 202 would avoid this delay of justice.

31.  The burden on ▮▮▮▮▮ is modest. To be sure, she must appear for a deposition and must produce documents. But the inconvenience will only grow greater with any delay, as memories fade and documents accumulate. The value of the information sought outweighs the burden, as required by Rule 202.

32.  Ms. Weldon seeks to depose ▮▮▮▮▮ by oral deposition. *See* Tex. R. Civ. P. 199. A notice of deposition identifying the topics for examination is attached to this Petition as Exhibit 2. This procedure will impose a minimal burden on ▮▮▮▮▮ while permitting Ms. Weldon to preserve for future litigation information about the illegal abortions that ▮▮▮▮▮ has acknowledged.

---

2.  *See, e.g.,* Abigail Abrams, *Inside The Small Group of Doctors Who Risked Everything to Provide Abortions in Texas*, Time (Oct. 14, 2021), available at https://bit.ly/3qxa5qx.

33.  Ms. Weldon further requests that the court order ████ to produce at or before the deposition any and all non-privileged documents relating to: Lilith Fund's role in supporting, funding, and facilitating abortions provided in violation of the Texas Heartbeat Act; the identity of all individuals or entities that the Lilith Fund collaborated with in providing these illegal abortions; the number of post-heartbeat abortions provided in Texas since September 1, 2021; and the sources of financial support for the Lilith Fund's abortion-assistance activities.

## REQUEST FOR HEARING

34.  After the service of this petition and a notice of hearing, Ms. Weldon respectfully requests that the court conduct a hearing, in accordance with Rule 202.3(a) of the Texas Rules of Civil Procedure, to determine whether to issue an order allowing the deposition.

## REQUEST FOR RELIEF

35.  For these reasons, Ms. Weldon respectfully requests that the court set a date for a hearing on this petition, and thereafter issue an order:

    a.  finding that the benefits of a deposition and accompanying production of documents outweighs the burden;

    b.  finding that a deposition and accompanying production of documents will avoid delay or failure of justice;

    c.  authorizing Ms. Weldon to take an oral deposition of ████;

    d.  requiring ████ to produce the documents identified by this petition, at a time and place to be agreed by the parties; and

    e.  awarding all other relief that the Court may deem just, proper, or equitable.

Respectfully submitted.

 /s/ Jonathan F. Mitchell 

GENE P. HAMILTON*
Virginia Bar No. 80434
Vice-President and General Counsel
America First Legal Foundation
300 Independence Avenue SE
Washington, DC 20003
(202) 964-3721
gene.hamilton@aflegal.org

D. BRYAN HUGHES
Texas Bar No. 00793995
Law Office of D. Bryan Hughes
110 North College Avenue, Suite 207
Tyler, Texas 75702-7221
(903) 581-1776 (phone)
bryan@hughesfirm.com

H. DUSTIN FILLMORE III
Texas Bar No. 06996010
CHARLES W. FILLMORE
Texas Bar No. 00785861
The Fillmore Law Firm, LLP
1200 Summit Avenue, Suite 860
Fort Worth, Texas 76102
(817) 332-2351 (phone)
(817) 870-1859 (fax)
dusty@fillmorefirm.com
chad@fillmorefirm.com

* *pro hac vice* applications
  forthcoming

Dated: January 26, 2022

JONATHAN F. MITCHELL
Texas Bar No. 24075463
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

ERICK G. KAARDAL*
Minnesota Bar No. 0229647
Mohrman, Kaardal & Erickson, P.A.
150 South Fifth Street, Suite 3100
Minneapolis, Minnesota 55402
(612) 341-1074 (phone)
(612) 341-1076 (fax)
kaardal@mklaw.com

THOMAS BREJCHA*
Illinois Bar No. 0288446
MARTIN WHITTAKER
Texas Bar No. 24095097
Thomas More Society
309 West Washington Street, Suite 1250
Chicago, Illinois 60606
(312) 782-1680 (phone)
(312) 782-1887 (fax)
info@thomasmoresociety.org

*Counsel for Petitioner*

Cause No. 22-01-014

| In re Sadie Weldon, | IN THE DISTRICT COURT |
| :--- | :--- |
| | JACK COUNTY, TEXAS |
| Petitioner | 271st JUDICIAL DISTRICT |

## VERIFICATION

STATE OF TEXAS

COUNTY OF JACK

Before me, the undersigned notary public, on this day personally appeared Sadie Weldon and after being duly sworn, stated under oath that she has read the above verified petition to take deposition to investigate potential legal claims and its exhibits; that every statement of fact contained in it is within her personal knowledge and is true and correct; and that every exhibit is an authentic copy of what it purports to be.

Sadie Weldon

SADIE WELDON

Subscribed and sworn to me
this 26th day of January, 2020 2022

NOTARY

DEBRA TILLERY
Notary Public, State of Texas
My Commission Expires
May 04, 2024
NOTARY ID 705852-3