# EXHIBIT #3

Cause No. __22-1046-431__

| | |
|---|---|
| **In re Ashley Maxwell**, <br><br> Petitioner | IN THE DISTRICT COURT <br> DENTON COUNTY, TEXAS <br> ____ JUDICIAL DISTRICT |

### VERIFIED PETITION TO TAKE DEPOSITION TO INVESTIGATE A LAWSUIT

Petitioner Ashley Maxwell respectfully asks the Court for permission to take a deposition by oral examination of ▮▮▮▮▮▮▮ of the North Texas Equal Access Fund. Ms. Maxwell seeks this testimony to investigate potential claims brought by Ms. Maxwell or others under section 171.208 of the Texas Health and Safety Code.

### PERSONS TO BE DEPOSED AND JURISDICTION

1. Petitioner Ashley Maxwell is a citizen of Texas and resident of Hood County.

2. Ms. Maxwell seeks to depose ▮▮▮▮▮▮▮ Upon information and belief, ▮▮▮▮▮▮▮ is a resident of ▮▮▮▮▮▮▮ and may be served at ▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮. ▮▮▮▮▮▮▮ telephone number is ▮▮▮▮▮▮▮.

3. In accordance with Rule 202.2(b)(2) of the Texas Rules of Civil Procedure, this petition is filed in Denton County, the county in which ▮▮▮▮▮▮▮ resides.

4. This petition is verified by Ms. Maxwell, as required by Rule 202.2(a) of the Texas Rules of Civil Procedure.

### NATURE OF THE ACTION

5. This petition is filed to investigate the possibilities for future civil actions brought under section 171.208 of the Texas Health and Safety Code, against individuals and organizations that performed or aided or abetted abortions in violation of the Texas Heartbeat Act, also known as Senate Bill 8 or SB 8. In her capacity as executive director of the North Texas Equal Access Fund ("TEA Fund"), ▮▮▮▮▮▮▮ has stated in a sworn declaration that her organization knowingly and intentionally

aided or abetted at least one post-heartbeat abortion in violation of the Texas Heartbeat Act. *See* Declaration of ███████████ ¶ 7 (attached as Exhibit 1).

6. ███████ submitted this sworn declaration in a lawsuit that her organization brought against Texas Right to Life and its legislative director, John Seago. This lawsuit was originally filed as *North Texas Equal Access Fund v. State of Texas, et al.*, No. D-1-GN-21-004503 (Travis County), and was transferred by the multidistrict litigation panel to 98th Judicial District Court of Travis County. Those pre-trial proceedings were conducted under the caption of *Van Stean v. State of Texas, et al.*, No. D-1-GN-21-004179, and the cases are currently on appeal to the Third Court of Appeals in Austin. *See Texas Right to Life, et al. v. Van Stean, et al.*, No. 03-21-00650-CV.

7. North Texas Equal Access Fund ("TEA Fund") is expected to have information relevant to the potential claims that Ms. Maxwell is investigating, and it is expected to have interests adverse to Ms. Maxwell in any anticipated suit. The TEA Fund's mailing address is ███████████████████████████████████████ ███████████████; its registered office is at ███████████████████████████ ███████████████; and its phone number is ███████████.

8. ███████████ is expected to have information relevant to the potential claims that Ms. Maxwell is investigating, and she is expected to have interests adverse to Ms. Maxwell in any anticipated suit. On information and belief, ███████ address is ███████████████████████████████████, and her phone number is ███████████.

9. Additional parties are expected to have information relevant to the potential claims that Ms. Maxwell is investigating, as well as interests adverse to Ms. Maxwell's in any anticipated suit, but the identities of those parties are currently unknown. ███████████ sworn declaration states that the TEA Fund aided or abetted the provision of at least one post-heartbeat abortion performed in Texas. But ███████████ declaration does not say who provided those post-heartbeat abortions, nor does it identify

the individuals who aided or abetted these illegal abortions. Ms. Maxwell's goal is to use the deposition sought by this petition to ascertain the identity of all individuals and organizations who are subject to liability under section 171.208.

### NOTICE OF RELATED CASES

10. There are no ongoing cases between Ms. Maxwell and ▇▇▇▇▇▇. There are also no ongoing cases between Ms. Maxwell and TEA Fund.

11. There are several ongoing cases that seek to restrain state officials and private individuals from enforcing certain provisions in SB 8. One of those cases is *Whole Woman's Health v. Jackson*, in which the plaintiffs are attempting to enjoin state licensing authorities from taking adverse action against abortion providers and medical professionals that violate the Texas Heartbeat Act. That case is currently pending in the U.S. Court of Appeals for the Fifth Circuit, after a remand from the Supreme Court of the United States. *See Whole Woman's Health v. Jackson*, No. 21-50792 (5th Cir.); *see also Whole Woman's Health v. Jackson*, 142 S. Ct. 522 (2021). On January 17, 2022, the Fifth Circuit certified a state-law question to the Supreme Court of Texas. *See Whole Woman's Health v. Jackson*, --- F.4th ----, 2022 WL 142193 (5th Cir.). Those certification proceedings remain pending in the state supreme court.

12. A coalition of abortion providers and abortion funds has also filed suit in state court to restrain Texas Right to Life and its legislative director, John Seago, from initiating lawsuits against them under section 171.208 of the Texas Health and Safety Code. The district judge in those cases denied the defendants' motion to dismiss under the Texas Citizens Participation Act, and the defendants have taken an interlocutory appeal from that ruling. That appeal is currently pending in the Third Court of Appeals. *See Texas Right to Life v. Van Stean*, No. 03-21-00650-CV.

## BACKGROUND

13. The Texas Heartbeat Act, also known as SB 8, outlaws abortion after a fetal heartbeat is detectable. *See* Tex. Health & Safety Code § 171.204.

14. SB 8 prohibits state officials from enforcing the law. *See* Tex. Health & Safety Code § 171.207. Instead of public enforcement by state officials, SB 8 establishes a private right of action that authorizes individuals to sue those who violate the statute. *See* Tex. Health & Safety Code § 171.208. These private civil-enforcement suits may be brought against anyone who "performs or induces" a post-heartbeat abortion, *see id.* at § 171.208(a)(1), as well as anyone who "knowingly engages in conduct that aids or abets the performance or inducement of an abortion, including paying for or reimbursing the costs of an abortion through insurance or otherwise, if the abortion is performed or induced in violation of [SB 8]," *id.* at § 171.208(a)(2). Lawsuits may also be brought against anyone who "intends" to perform or aid or abet a post-heartbeat abortion in Texas.

15. A plaintiff who successfully sues an individual or organization under section 171.208 is entitled to injunctive relief and $10,000 in statutory damages for each unlawful abortion that the defendant performed or facilitated, plus costs and attorneys' fees. *See* Tex. Health & Safety Code § 171.208(b).

16. The Texas Heartbeat Act took effect on September 1, 2021, and it has remained in effect as the law of Texas since that time.

17. The person that Ms. Maxwell seeks to depose is the leader of an organization that helps women in Texas abort their unborn children. ▓▓▓▓▓▓▓▓ is executive director of the North Texas Equal Access Fund ("TEA Fund"). She is "responsible for executing TEA Fund's mission, protecting the organization's financial health, and supervising staff and volunteers." ▓▓▓▓ Decl. ¶ 3 (attached as Exhibit 1).

18. The TEA Fund aids or abets abortion in Texas through a variety of means. As ▓▓▓▓▓▓ explained in a sworn statement, the TEA Fund "provides financial,

emotional, and logistical support for low-income abortion patients in north Texas."
██████ Decl. ¶ 4 (attached as Exhibit 1).

19. Most of the abortions that the TEA Fund aids or abets occur after a fetal heartbeat is detectable. ██████ Decl. ¶ 4 (attached as Exhibit 1).

20. Since the Texas Heartbeat Act took effect on September 1, 2021, the TEA Fund has aided or abetted at least one post-heartbeat abortion in violation of the law. In her sworn declaration, ██████ stated:

> TEA Fund has engaged in conduct with the intent to assist pregnant Texans obtain abortions after the detection of cardiac activity. Specifically, following the entry of an injunction by the Honorable Robert Pitman on October 6, 2021, and while that injunction was still in place, TEA Fund paid for at least one abortion after confirming the gestational age of the fetus was beyond the time when cardiac activity is usually detected. In doing so, it was TEA Fund's intention to pay for the abortion even if cardiac activity was detected.

██████ Decl. ¶ 7 (attached as Exhibit 1).

21. ██████ sworn declaration also states that the TEA Fund "partner[s] with" several abortion providers in northern Texas. This includes "clinics that have publicly confirmed that post-cardiac activity abortions were performed" in violation of the Texas Heartbeat Act. ██████ Decl. ¶ 8 (attached as Exhibit 1).

## REQUEST FOR DEPOSITION

22. Ms. Maxwell seeks a court order authorizing her to depose ██████ because she seeks to investigate potential claims that she or others might bring under section 171.208 of the Texas Health and Safety Code, against any person or organization that performed or aided or abetted illegal post-heartbeat abortions of the type described in ██████ declaration. *See* Tex. R. Civ. P. 202(d)(2).

23. Ms. Maxwell additionally seeks to depose ██████ because she anticipates the institution of a suit in which ██████ or the TEA Fund may be a party. *See* Tex. R. Civ. P. 202(d)(1).

24. There is good reason for this court to find that deposing ▇▇▇▇ at this time is the best way to avoid a delay or failure of justice in an anticipated suit. *See* Tex. R. Civ. P. 202.4(a). In addition, the likely benefit of allowing Ms. Maxwell to depose ▇▇▇▇ to investigate a potential claim outweighs the burden or expense of the procedure. *See* Tex. R. Civ. P. 202.4(b).

25. Ms. Maxwell is considering whether to sue individuals and organizations that performed or facilitated the illegal abortions described in ▇▇▇▇ declaration. The sworn statement of ▇▇▇▇ makes it clear that the TEA Fund has violated the Texas Heartbeat Act in a manner that could expose its employees, volunteers, and donors to liability under section 171.208 of the Texas Health and Safety Code.

26. Yet Ms. Maxwell is unwilling to file suit as this time because she is still investigating the range of potential defendants, as well as any possible defenses or substantive arguments that they might raise in the litigation. Ms. Maxwell expects to be able to better evaluate the prospects for legal success after deposing ▇▇▇▇ and discovering the extent of involvement of each individual that aided or abetted post-heartbeat abortions in violation of SB 8.

27. Ms. Maxwell also wishes to preserve evidence of how the TEA Fund aided or abetted abortions in violation of SB 8, as well as evidence surrounding the involvement of each individual who aided or abetted these illegal abortions. Ms. Maxwell seeks to depose ▇▇▇▇ on topics including the following: the TEA Fund's exact role in supporting, funding, and facilitating abortions provided in violation of the Texas Heartbeat Act; the identity of each individual or entity that the TEA Fund collaborated with in providing these illegal abortions; the number of illegal abortions provided; whether the TEA Fund has in any way distinguished its funding streams for advocacy and its funding streams for conduct that aids or abets illegal abortions performed in Texas; and the sources of financial support for the TEA Fund. Ms. Maxwell

also seeks discovery of documents[1] that reveal the sources of funding for the TEA Fund's operations and address the issues that will be covered in the deposition.

28. Deposing ▮▮▮▮▮▮▮▮ allows Ms. Maxwell to preserve evidence of great importance to the anticipated litigation. ▮▮▮▮▮▮ sworn declaration already attests to her knowledge of violations of the law. What Ms. Maxwell does not know is how many violations occurred and what other parties were involved in providing these illegal abortions. The value of this information to any subsequent litigation, and to the important policies embodied in the Heartbeat Act, is high. It is, indeed, essential to be able to implement the law.

29. Delay in obtaining this evidence increases the chances that information about the abortions provided will be forgotten and that documentation will become more difficult to obtain. Given the widespread press coverage of the Texas Heartbeat Act, including attention to the risks taken by abortion providers who choose to violate the

---

1. The scope of a pre-suit deposition under Rule 202 is the same as a regular deposition of non-parties in litigation. *See* Tex. R. Civ. P. 202.5. This specifically allows document-production requests. *See* Tex. R. Civ. P. 199.2(b)(5) (providing for requests for production along with a deposition notice); Tex. R. Civ. P. 205.1(c) (providing for noticing document production requests to nonparties); *In re City of Tatum*, 567 S.W.3d 800, 808 (Tex. App. 2018) ("The "language of these rules when read together permits a petition seeking a pre-suit deposition under Rule 202 to also request the production of documents.'" quoting *In re Anand*, No. 01-12-01106-CV, 2013 WL 1316436, at *3 (Tex. App. Apr. 2, 2013)). *See also City of Dallas v. City of Corsicana*, No. 10-14-00090-CV, 2015 WL 4985935, at *6 (Tex. App. Aug. 20, 2015) ("Under rule 202, documents can be requested in connection with a deposition."). While some courts have refused to permit document discovery under Rule 202, *see, e.g.*, *In re Pickrell*, No. 10-17-00091-CV, 2017 WL 1452851, at *6 (Tex. App. Apr. 19, 2017), they have not analyzed the text of Rule 202.5 or its relationship to Rule 199. *See In re City of Tatum*, 567 S.W.3d 800, 808 n. 7 (Tex. App. 2018) (criticizing courts denying document production under Rule 202).

Act's provisions,[2] there is considerable incentive for violators to hide or obscure any record of their involvement in unlawful activities.

30. Without the documentation, there would be a risk of miscarriage or delay of justice, as the law of Texas would be difficult or impossible to enforce. The policy of the state will be thwarted if it is not possible to identify the parties complicit in providing illegal abortions.

31. It would also enhance judicial efficiency to allow the eventual lawsuit to consider the entire chain of events (from funding to actual performance of the abortion) involved in the particular violations of SB 8 that ▮▮▮▮▮▮▮▮ described in her sworn statement. Waiting for discovery in the course of litigation not only runs increased risks of forgetfulness or record-keeping deficiencies. It also has costs to the administration of justice in that the courts would have to adjudicate the matters either in separate proceedings, or through complaints successively amended to add additional defendants. Allowing deposition under Rule 202 would avoid this delay of justice.

32. The burden on ▮▮▮▮▮▮▮▮ is modest. To be sure, she must appear for a deposition and must produce documents. But the inconvenience will only grow greater with any delay, as memories fade and documents accumulate. The value of the information sought outweighs the burden, as required by Rule 202.

33. Ms. Maxwell seeks to depose ▮▮▮▮▮▮▮▮ by oral deposition. *See* Tex. R. Civ. P. 199. A notice of deposition identifying the topics for examination is attached to this Petition as Exhibit 2. This procedure will impose a minimal burden on ▮▮▮▮▮▮▮▮ while permitting Ms. Maxwell to preserve for future litigation information about the illegal abortions that ▮▮▮▮▮▮▮▮ has acknowledged.

---

2. *See, e.g.*, Abigail Abrams, *Inside The Small Group of Doctors Who Risked Everything to Provide Abortions in Texas*, Time (Oct. 14, 2021), available at https://bit.ly/3qxa5qx.

34. Ms. Maxwell further requests that the court order ▇▇▇▇▇▇ to produce at or before the deposition any and all non-privileged documents relating to: TEA Fund's role in supporting, funding, and facilitating abortions provided in violation of the Texas Heartbeat Act; the identity of all individuals or entities that the TEA Fund collaborated with in providing these illegal abortions; the number of post-heartbeat abortions provided in Texas since September 1, 2021; and the sources of financial support for the TEA Fund's abortion-assistance activities.

## REQUEST FOR HEARING

35. After the service of this petition and a notice of hearing, Ms. Maxwell respectfully requests that the court conduct a hearing, in accordance with Rule 202.3(a) of the Texas Rules of Civil Procedure, to determine whether to issue an order allowing the deposition.

## REQUEST FOR RELIEF

36. For these reasons, Ms. Maxwell respectfully requests that the court set a date for a hearing on this petition, and thereafter issue an order:

   a. finding that the benefits of a deposition and accompanying production of documents outweighs the burden;

   b. finding that a deposition and accompanying production of documents will avoid delay or failure of justice;

   c. authorizing Ms. Maxwell to take an oral deposition of ▇▇▇▇▇▇;

   d. requiring ▇▇▇▇▇▇ to produce the documents identified by this petition, at a time and place to be agreed by the parties; and

   e. awarding all other relief that the Court may deem just, proper, or equitable.

|  |  |
|---|---|
|  | Respectfully submitted. |
|  | /s/ Jonathan F. Mitchell |
| Gene P. Hamilton* | Jonathan F. Mitchell |
| Virginia Bar No. 80434 | Texas Bar No. 24075463 |
| Vice-President and General Counsel | Mitchell Law PLLC |
| America First Legal Foundation | 111 Congress Avenue, Suite 400 |
| 300 Independence Avenue SE | Austin, Texas 78701 |
| Washington, DC 20003 | (512) 686-3940 (phone) |
| (202) 964-3721 | (512) 686-3941 (fax) |
| gene.hamilton@aflegal.org | jonathan@mitchell.law |
|  |  |
| D. Bryan Hughes | Erick G. Kaardal* |
| Texas Bar No. 00793995 | Minnesota Bar No. 0229647 |
| Law Office of D. Bryan Hughes | Mohrman, Kaardal & Erickson, P.A. |
| 110 North College Avenue, Suite 207 | 150 South Fifth Street, Suite 3100 |
| Tyler, Texas 75702-7221 | Minneapolis, Minnesota 55402 |
| (903) 581-1776 (phone) | (612) 341-1074 (phone) |
| bryan@hughesfirm.com | (612) 341-1076 (fax) |
|  | kaardal@mklaw.com |
|  |  |
| H. Dustin Fillmore III | Thomas Brejcha* |
| Texas Bar No. 06996010 | Illinois Bar No. 0288446 |
| Charles W. Fillmore | Martin Whittaker |
| Texas Bar No. 00785861 | Texas Bar No. 24095097 |
| The Fillmore Law Firm, LLP | Thomas More Society |
| 1200 Summit Avenue, Suite 860 | 309 West Washington Street, Suite 1250 |
| Fort Worth, Texas 76102 | Chicago, Illinois 60606 |
| (817) 332-2351 (phone) | (312) 782-1680 (phone) |
| (817) 870-1859 (fax) | (312) 782-1887 (fax) |
| dusty@fillmorefirm.com | info@thomasmoresociety.org |
| chad@fillmorefirm.com |  |

\* *pro hac vice* applications forthcoming

| Dated: February 2, 2022 | *Counsel for Petitioner* |
|---|---|

Cause No. _____

| In re Ashley Maxwell, | IN THE DISTRICT COURT |
|---|---|
| Petitioner | DENTON COUNTY, TEXAS |
| | \_\_\_\_ JUDICIAL DISTRICT |

## VERIFICATION

STATE OF TEXAS

COUNTY OF _____

Before me, the undersigned notary public, on this day personally appeared Ashley Maxwell and after being duly sworn, stated under oath that she has read the above verified petition to take deposition to investigate potential legal claims and its exhibits; that every statement of fact contained in it is within her personal knowledge and is true and correct; and that every exhibit is an authentic copy of what it purports to be.

KELLY WILKINSON
Notary ID #126738976
My Commission Expires
January 13, 2025

_____
ASHLEY MAXWELL

Subscribed and sworn to me this __2__ day of __February__, ~~2020~~ 2022

_____
NOTARY