# EXHIBIT  #7



*Briscoe Cain*
District 128

Chair, House Committee on Elections
Member, House Committee on Business & Industry

March 29, 2022

Jennifer R. Ecklund
Thompson Coburn LLP
2100 Ross Avenue, Suite 3200
Dallas, Texas 75201

Dear Ms. Ecklund:

I write in response to your letter of March 24, 2022. The letters that I sent to your clients on March 18, 2022, were sent in my capacity as a Texas State Representative. Your clients are committing criminal acts under article 4512.2 of the Revised Civil Statutes and they must immediately halt their criminal conduct.

Your letter falsely claims that article 4512.2 was "struck down" by the Supreme Court in *Roe v. Wade*, 410 U.S. 113 (1973). Courts do not have the ability or the authority to "strike down" or formally revoke statutes when pronouncing them unconstitutional. The Supreme Court of the United States and the Supreme Court of Texas have made this abundantly clear. *See Whole Woman's Health v. Jackson*, 141 S. Ct. 2494, 2495 (2021) ("[F]ederal courts enjoy the power to enjoin individuals tasked with enforcing laws, not the laws themselves."); *Pidgeon v. Turner*, 538 S.W.3d 73, 88 n.21 (Tex. 2017) ("We note that neither the Supreme Court in *Obergefell* nor the Fifth Circuit in *De Leon* 'struck down' any Texas law. When a court declares a law unconstitutional, the law remains in place unless and until the body that enacted it repeals it"). More importantly, the severability provisions of Texas law allow the state's pre-*Roe* abortion statutes to be enforced in situations that do not violate the constitutional rights of abortion patients. *See* Tex. Gov't Code § 311.032(c); Tex. Gov't Code § 311.036(c). So article 4512.2 remains fully enforceable against abortion funds that pay for abortions performed in Texas, as well as their donors.

If you are advising your clients that they may continue flouting article 4512.2 with impunity, then you are committing legal malpractice and exposing yourself and your law firm to criminal sanctions and professional discipline. And if you and your clients want to adhere to your delusional belief that article 4512.2 no longer exists as the law of Texas, then we welcome the opportunity to have the judiciary set you straight.

Sincerely,

Briscoe Cain
Texas State Representative
House District 128