UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **Wendy Davis**, et al., <br><br> Plaintiffs, <br><br> v. <br><br> **Mistie Sharp**, et al., <br><br> Defendants. | Case No. 1:22-cv-00373-RP |

## MOTION TO STAY SUMMARY-JUDGMENT BRIEFING SCHEDULE

The defendants respectfully move for reconsideration of the Court's order of May 27, 2022 (ECF No. 37), which instructs the defendants to respond to the plaintiffs' motion for summary judgment by Friday, June 10, 2022. The summary-judgment briefing schedule should be stayed in light of the defendants' motion to dismiss of June 1, 2022, which shows that the Court lacks subject-matter jurisdiction over these proceedings, and that defendant Briscoe Cain is entitled to sovereign immunity and legislative immunity. The Court must resolve these immunity defenses before burdening Representative Cain with the obligation of responding to a 30-page motion for summary judgment and 16 supporting exhibits.

The summary-judgment briefing schedule should also be stayed because the Supreme Court is only weeks (if not days) away from announcing its ruling in *Dobbs v. Jackson Women's Health Organization*, No. 19-1392, which is expected to overrule or severely curtail the holdings of *Roe v. Wade*, 410 U.S. 113 (1973), and *Planned Parenthood of Southeastern Pa. v. Casey*, 505 U.S. 833, 874 (1992). It is a waste of time to force the defendants to respond to a summary-judgment filing that is predicated on the continued existence of the right to abortion when *Dobbs* will be decided

before this Court can rule—and could very well drop before the defendants' response is due.

We have conferred with counsel for the plaintiffs and they refuse to consent to any modification of the summary-judgment briefing deadline. The defendants intend to seek mandamus relief from the Fifth Circuit by close of business tomorrow if the Court does not stay or reconsider its summary-judgment briefing order.

## I.   The Court Lacks Subject-Matter Jurisdiction Over This Case

There is a patent absence of subject-matter jurisdiction in this lawsuit, as explained in the defendants' motion to dismiss (ECF No. 39). The plaintiffs have no standing to sue defendant Briscoe Cain because Representative Cain has no "connection with the enforcement of" either Senate Bill 8 or article 4512.2 of the Revised Civil Statutes. *See* Mot. to Dismiss, ECF No. 39, at 5, 9–10. The plaintiffs lack standing to sue the remaining defendants because each of them has executed a sworn declaration announcing that they have no intention of suing the plaintiffs under SB 8 or prosecuting them under article 4512.2, and they never had any such intentions. *See id.* at 10–11; *Whole Woman's Health v. Jackson*, 142 S. Ct. 522, 537 (2021) (no Article III standing to sue defendant who submitted sworn declarations disclaiming any intention to sue the plaintiffs under Senate Bill 8).

The Court has no authority to proceed further in this case given the obvious lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). And the defendants cannot be burdened with the obligation of responding to a 30-page motion for summary judgment and its 16 supporting exhibits when the federal judiciary has no authority to even consider the merits of this lawsuit.

**II. The Court Should Resolve The Defendants' Objections Based On Lack Of Venue, Improper Joinder, Lack Of Subject-Matter Jurisdiction, And Legislative Immunity Before Requiring The Defendants To Respond To The Plaintiffs' Motion For Summary Judgment**

The defendants' motion to dismiss raises numerous objections to the existence of this lawsuit, including lack of venue,[1] improper joinder,[2] lack of subject-matter jurisdiction,[3] legislative immunity,[4] and failure to state a claim on which relief may be granted.[5] Each of these objections should be resolved before the Court requires the defendants to respond to the plaintiffs' motion for summary judgment. If the Court finds any of these defenses meritorious, it will obviate the need for a response to the motion for summary judgment and supporting exhibits.

The Court is also required to resolve Representative Cain's sovereign-immunity and legislative-immunity objections before burdening him with the obligation of responding to the plaintiffs' summary-judgment motion. *See Freeman v. United States*, 556 F.3d 326, 342 (5th Cir. 2009) ("[I]mmunity is intended to shield the defendant from the burdens of defending the suit."). The entire point of an immunity defense is to shield the person sued from the burdens of litigation. *See Williams v. Brooks*, 996 F.2d 728, 730 n.2 (5th Cir. 1993) ("Immunity, whether qualified or absolute, is an entitlement to be free from the burdens of time-consuming pre-trial matters and the trial process itself."). The protections of immunity are "effectively lost"[6] if a district court postpones resolution of an immunity defense until after the defendant is forced to respond to a motion for summary judgment.

---

1. *See* Mot. to Dismiss, ECF No. 39, at 15–17.
2. *See id.* at 14–15.
3. *See id.* at 9–14.
4. *See id.* at 22.
5. *See id.* at 18–31.
6. *Williams*, 996 F.2d at 730 n.2 (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 512 (1985)).

Finally, the Court must ensure that it has subject-matter jurisdiction over the controversy before ordering summary-judgment briefing. *See Lance v. Coffman*, 549 U.S. 437, 439 (2007) ("Federal courts must determine that they have jurisdiction before proceeding to the merits."); *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94–95 (1998) ("The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" (quoting Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884)); *MidCap Media Finance, L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) ("[W]e have an independent obligation to assess our own jurisdiction before exercising the judicial power of the United States."); *In re Gee*, 941 F.3d 153 (5th Cir. 2019) ("[B]efore any federal court can analyze the 'cumulative effects' of Louisiana's laws, we must know which laws Plaintiffs have standing to challenge. Again, jurisdiction first."). That is especially true when the defendants have filed a motion pointing out the numerous jurisdictional deficiencies in this case, and when the binding precedent of the Supreme Court and the Fifth Circuit compel a jurisdictional dismissal of the claims brought against each of the defendants. *See Whole Woman's Health v. Jackson*, 142 S. Ct. 522, 537 (2021) (no Article III standing to sue defendant who submitted sworn declarations disclaiming any intention to sue the plaintiffs under Senate Bill 8); *City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019) ("For the [*Ex parte Young*] exception to apply, the state official, 'by virtue of his office,' must have 'some connection with the enforcement of the [challenged] act'").

### III. The Plaintiffs' Motion For Summary Judgment Should Be Summarily Denied Because It Fails To Address Numerous Issues On Which The Plaintiffs Bear The Burden Of Proof

The plaintiffs' motion for summary judgment ignores numerous issues on which the plaintiffs bear the burden of proof. First, the motion presents no argument or

evidence for Article III standing. *See TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2207–08 (2021) ("As the party invoking federal jurisdiction, the plaintiffs bear the burden of demonstrating that they have [Article III] standing.").

Second, the motion presents no argument or evidence for venue, even though the plaintiffs bear the burden of establishing venue now that venue has been challenged. *See Gutierrez v. Drill Cuttings Disposal Company, LLC*, 319 F. Supp. 3d 856, 861 (W.D. Tex. 2018) ("Once challenged, the burden of sustaining venue lies with the plaintiff.").

Third, the plaintiffs fail to acknowledge or present evidence showing how they satisfy the Supreme Court's test for third-party standing. *See Kowalski v. Tesmer*, 543 U.S. 125, 130 (2004) ("First, we have asked whether the party asserting the right has a 'close' relationship with the person who possesses the right. Second, we have considered whether there is a 'hindrance' to the possessor's ability to protect his own interests." (citations omitted)). Their motion for summary judgment asserts that the plaintiffs have standing to litigate the third-party rights of abortion patients,[7] but it does not even mention this two-part test, let alone present evidence or arguments for how any of the plaintiffs has a "'close' relationship" with abortion patients. The plaintiffs bear the burden of pleading and proving the elements of third-party standing. *See Warth v. Seldin*, 422 U.S. 490, 499, 518 (1975); *Carney v. Adams*, 141 S. Ct. 493, 499 (2020) ("[P]laintiff bears the burden of proving standing"). Their motion for summary judgment on the substantive-due-process claims should be summarily denied for failing to assert or demonstrate a "'close' relationship" with the third-party rights holders, and for failing to assert or demonstrate that abortion patients face a "hindrance" to presenting their own constitutional rights in court.

---

7. *See* Mot. for Sum. J., ECF No. 24, at 14–15.

Fourth, the plaintiffs' motion for summary judgment fails to present any evidence or arguments for how defendants Mistie Sharp, Sadie Weldon, or Ashley Maxwell is acting "under color of" state law. *See* 42 U.S.C. § 1983 (imposing liability only on those who act "under color of" state law). A private citizen does not act under color of state law merely by filing (or threatening to file) a lawsuit under a state statute that authorizes his suit. *See, e.g.*, *Howard Gault Co. v. Texas Rural Legal Aid, Inc.*, 848 F.2d 544, 555 (5th Cir. 1988) ("The growers cannot be held liable in a § 1983 suit simply because they filed suit under Texas statutes and obtained a temporary restraining order."); *Hollis v. Itawamba County Loans*, 657 F.2d 746, 749 (5th Cir. 1981) ("[N]o state action is involved when the state merely opens its tribunals to private litigants."); *see also Gras v. Stevens*, 415 F. Supp. 1148, 1152 (S.D.N.Y. 1976) (Friendly, J.) ("[W]e know of no authority that one private person, by asking a state court to make an award against another which is claimed to be unconstitutional, is violating 42 U.S.C. § 1983.").[8]

The only circumstance in which a private litigant may be sued for acting "under color of" state law is when he conspires or coordinates his efforts with state officials, or when there is "corruption of judicial power by the private litigant." *See, e.g.*, *McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir. 1992) ("If a state merely allows private litigants to use its courts, there is no state action within the meaning of § 1983 unless 'there is corruption of judicial power by the private litigant.'" (quoting *Earnest v. Lowentritt*, 690 F.2d 1198, 1200 (5th Cir. 1982)); *see also Howard Gault*, 848 F.2d at 555; Mot. to Dismiss, ECF No. The plaintiffs' motion for summary

---

8. *See also Stevens v. Frick*, 372 F.2d 378, 381 (2d Cir. 1967) ("[M]erely by holding its courts open to litigation of complaints, regardless of how baseless they eventually prove to be, Pennsylvania does not clothe persons who use its judicial processes with the authority of the state."); *Gritchen v. Collier*, 254 F.3d 807, 813–14 (9th Cir. 2001) (police officer who threatens to bring defamation suit is not acting "under color of state law" under 42 U.S.C. § 1983, even though a state statute gave him the right to sue).

judgment does not even *allege* that the private defendants have conspired or coordinated their efforts with state officials, nor does it allege a "corruption of judicial power by the private litigant"—let alone produce *evidence* of this. The Court should summarily deny summary judgment on the 42 U.S.C. § 1983 claims against Sharp, Weldon, and Maxwell.

Fifth, the plaintiffs' motion for summary judgment presents no argument or explanation for how private citizens such as Sharp, Weldon, and Maxwell can violate the First or Fourteenth Amendments. *See Civil Rights Cases*, 109 U.S. 3 (1883); *United States v. Cruikshank*, 92 U.S. 542, 554 (1875) ("The fourteenth amendment prohibits a State from depriving any person of life, liberty, or property, without due process of law; but this adds nothing to the rights of one citizen as against another.").

Instead, the motion complains that Senate Bill 8 "violates" the First Amendment and the Due Process Clause. *See* Mot. to Sum. J, ECF No. 24, at 14–29. But litigants do not sue statutes, they sue defendants—and the plaintiffs must produce evidence showing that the *defendants* are violating the First Amendment or the Due Process Clause to avoid a summary denial of summary-judgment motion. *See* Nicholas Quinn Rosenkranz, *The Subjects of the Constitution*, 62 Stan. L. Rev. 1209, 1221 (2010) ("Statutes do not violate the Constitution any more than guns commit murder. Judicial review is not the review of statutes at large; judicial review is constitutional review of governmental action. Government actors violate the Constitution." (footnote omitted)). The Court should summarily deny summary judgment on the First Amendment and Due Process claims asserted against Sharp, Weldon, and Maxwell.

## IV. The Defendants Are Entitled To Take Discovery Before Responding To The Plaintiffs' Motion For Summary Judgment

Litigants are entitled to take discovery before responding to a motion for summary judgment. *See* Fed. R. Civ. P. 56(d); *Access Telecom, Inc. v. MCI Telecommunications Corp.*, 197 F.3d 694, 720 (5th Cir. 1999) ("When a party is not given a full

and fair opportunity to discover information essential to its opposition to summary judgment, the limitation on discovery is reversible error."). The plaintiffs cannot deprive the defendants of their right to take discovery simply because they want an immediate ruling from this Court. *See id.*

The defendants' Rule 56(d) motion of May 5, 2022, and supporting declaration explained in detail the discovery that the defendants wish to pursue. *See* Mot. to Defer Consideration of Pls.' Mot. for Sum. J., ECF No. 25; Declaration of Jonathan F. Mitchell, ECF No. 25-1 at ¶¶ 6–8 (attached as Exhibit 1). But the Court summarily denied this motion "for lack of good cause shown," without providing further explanation. *See* Exhibit 2. The plaintiffs respectfully renew their Rule 56(d) motion and present additional material in support of their request for discovery.

As explained in our previous filing, the defendants intend to take discovery from each of the plaintiffs on the elements of Article III standing, including: (1) The extent to which the plaintiffs' alleged injuries are "fairly traceable" to "allegedly unlawful conduct" undertaken by the defendants; and (2) Whether the relief that the plaintiffs seek against the defendants is "likely" to redress the plaintiffs' alleged injuries. *See* Declaration of Jonathan F. Mitchell ¶¶ 6–8 (attached as Exhibit 1). The defendants also want discovery on the issue of venue, to determine whether and to what extent the "events or omissions giving rise to" the plaintiffs' claims occurred in the western district of Texas. *See id.* at ¶ 9; 28 U.S.C. § 1391(b)(2); Mot. to Defer Consideration of Pls.' Mot. for Sum. J., ECF No. 25, at 2–3.

In addition to the issues raised in our previous Rule 56(d) motion, the defendants want to take discovery on the issue of third-party standing, and they intend to ask plaintiffs Davis, Mehl, Sadler, and the Stigma Relief Fund to explain in response to written interrogatories and deposition questions how they have a "close" relationship with patients in Texas that are seeking to abort their unborn children, and to identify the evidence that supports the existence of this "close" relationship. *See* Mitchell Decl.

¶ 10. The defendants also intend to ask plaintiffs Davis, Mehl, Sadler, and the Stigma Relief Fund to explain in response to written interrogatories and deposition questions how abortion patients face a "hindrance" to asserting their own constitutional rights in court, and to identify the evidence that supports this claim of hindrance. *See id*. None of this is explained in the plaintiffs' motion for summary judgment or any of the supporting declarations or exhibits.

### V. THE SUMMARY-JUDGMENT BRIEFING ORDER SHOULD BE STAYED UNTIL THE SUPREME COURT ANNOUNCES ITS RULING IN DOBBS

Finally, the Court should stay the summary-judgment briefing schedule until the Supreme Court announces its ruling in *Dobbs v. Jackson Women's Health Organization*, No. 19-1392. The plaintiffs' substantive-due-process claims depend on the continued existence of a constitutional right to abortion, and their motion for summary judgment explicitly assumes the existence of this right. *See* Pls.' Mot. for Sum. J., ECF No. 24, at 15–18. The plaintiffs' First Amendment claims also depend on the continued existence of a constitutional right to abort, because there is no First Amendment right to facilitate criminal activity and the laws of Texas define abortion as a criminal offense. *See* West's Texas Civil Statutes, articles 4512.1 to 4512.6 (1974). There is no conceivable justification in requiring the defendants to respond to the plaintiffs' motion for summary judgment when the ruling in *Dobbs* is could be announced any day—and is nearly certain to be announced before the Court can rule on the plaintiffs' summary-judgment motion.

The plaintiffs have made no claim that emergency or expedited relief is needed. And each of the defendants has submitted sworn declarations disclaiming any intention to sue or prosecute the plaintiffs,[9] so there is no relief that this Court can issue that will alter the status quo. There is no reason to speed this case toward final judgment, apart from the plaintiffs' desire to obtain a short-lived advisory opinion on the

---

9. *See* Mot. to Dismiss, ECF No. 39, at 10–11.

constitutionality of SB 8 before *Roe v. Wade* is overruled. The plaintiffs' refusal to agree to postpone the summary-judgment briefing deadline until *Dobbs* is an abusive tactic that serves only to impose needless litigation costs on the defendants—in a lawsuit that does not even belong in federal court to begin with.

## CONCLUSION

The motion to stay the summary-judgment briefing schedule should be granted.

Respectfully submitted.

 /s/ Jonathan F. Mitchell
JONATHAN F. MITCHELL
Texas Bar No. 496344
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

Dated: June 6, 2022                                *Counsel for Defendants*

## CERTIFICATE OF CONFERENCE

On June 5, 2022, I e-mailed Stephanie Toti and Rupali Sharma, counsel for the plaintiffs. We conferred in a good-faith attempt to resolve this matter by agreement but were unable to reach agreement on the issues discussed in this motion. *See* Local Rule CV-7(g).

 /s/ Jonathan F. Mitchell
Jonathan F. Mitchell
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that on June 6, 2022, I served this document through CM/ECF upon:

Stephanie Toti
Juanluis Rodriguez
Sneha Shah
Lawyering Project
41 Schermerhorn Street, No. 1056
Brooklyn, New York 11201
(646) 490-1083 (phone)
(646) 480-8622 (fax)
stoti@lawyeringproject.org
prodriguez@lawyeringproject.org
sshah@lawyeringproject.org

Rupali Sharma
Lawyering Project
113 Bonnybriar Road
South Portland, Maine 04106
(908) 930-6645 (phone)
(646) 480-8622 (fax)
rsharma@lawyeringproject.org

Melissa C. Shube
Lawyering Project
712 H Street NE, Suite 1616
Washington, D.C. 20002
(646) 480-8942 (phone)
(646) 480-8622 (fax)
mshube@lawyeringproject.org

Tanya Pellegrini
Lawyering Project
584 Castro Street, No. 2062
San Francisco, California 94114
(646) 480-8973 (phone)
(646) 480-8622 (fax)
tpellegrini@lawyeringproject.org

Dorian Vandenberg-Rodes
Shellist Lazarz Slobin LLP
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
(713) 621-2277 (phone)
(713) 621-0993 (fax)
drodes@eeoc.net


 /s/ Jonathan F. Mitchell
Jonathan F. Mitchell
*Counsel for Defendants*