UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **Wendy Davis**, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>**Mistie Sharp**, et al.,<br><br>        Defendants. | Case No. 1:22-cv-00373-RP |

## MOTION TO DEFER CONSIDERING OR SUMMARILY DENY THE PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

On January 6, 2023, the plaintiffs filed a motion for summary judgment. *See* ECF No. 75. The plaintiffs' motion for summary judgment is premature, and the defendants respectfully ask the Court to defer consideration of the motion until after the Court rules on the defendants' Rule 12(b)(1) and Rule 12(b)(3) motions, which have been pending for more than four months, and after the defendants have had an opportunity to take discovery from the plaintiffs. *See* Fed. R. Civ. P. 56(d). In the alternative, the defendants ask the Court to summarily deny the plaintiffs' motion for summary judgment because it fails to present any argument or evidence for Article III standing, an issue on which the plaintiffs bear the burden of proof. *See, e.g., TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2207–08 (2021). Finally, the Court should defer consideration of the motion for summary judgment until after this Court has entered a scheduling order, as required by the local rules of this Court. *See* Local Rule 16(a) ("A scheduling order must be entered in every case except those exempted in subdivision (b) of this rule.").

I. **THE COURT SHOULD DEFER CONSIDERING THE PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT UNTIL AFTER IT RULES ON THE DEFENDANTS' JURISDICTIONAL AND VENUE OBJECTIONS**

On September 8, 2022, the defendants moved to dismiss the plaintiffs' claims for lack of subject-matter jurisdiction and lack of venue. *See* ECF No. 63. The motion has been fully briefed and is awaiting decision.

The motion argues, among other things, that the plaintiffs lack Article III standing because: (1) The plaintiffs failed to allege facts to support Article III standing in their complaint; (2) The plaintiffs lack standing to sue the defendants over section 3 of SB 8 because none of the defendants have ever had any intention of suing the plaintiffs under SB 8; (3) The plaintiffs lack standing to sue the defendants over section 3 of SB 8 because the plaintiffs have not alleged that they have violated the Texas Heartbeat Act in the past or will violate the law in the future; (4) The plaintiffs lack standing to sue the defendants over section 3 because the court cannot redress their injuries, as other private litigants will sue the plaintiffs if they violate SB 8 even if the named defendants are enjoined from doing so; and (5) The plaintiffs lack standing to sue the defendants over section 4 of SB 8 because none of the defendants have any intention of suing the plaintiffs under that provision.

The motion also argues that the plaintiffs' claims regarding section 3 of SB 8 are moot because Texas has independently outlawed and criminalized *all* elective abortions in the wake of *Dobbs v. Jackson Women's Health Organization*, 142 S. Ct. 2228 (2022). That means the plaintiffs will not be able to resume activities prohibited by SB 8 even if this Court were to enjoin its enforcement, because there are no longer any abortion providers in Texas willing to perform the post-heartbeat abortions that the plaintiffs wish to pay for.

The motion also argues that the case should be dismissed for improper venue because none of the defendants reside in the Western District of Texas, and none of the events giving rise to the plaintiffs' claims occurred in this district.

This Court must resolve the defendants' jurisdictional and venue objections before considering the plaintiffs' motion for summary judgment. *See Lance v. Coffman*, 549 U.S. 437, 439 (2007) ("Federal courts must determine that they have jurisdiction before proceeding to the merits."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) ("[A] federal court may not hypothesize subject-matter jurisdiction for the purpose of deciding the merits."). The Court should therefore defer considering the plaintiffs' motion for summary judgment until after the defendants' jurisdictional and venue objections have been resolved.

In addition, a ruling from this Court that grants the pending Rule 12(b)(1) or 12(b)(3) motion in whole or in part will moot at least some of the issues in the pending motion for summary judgment. It is abusive and a waste of time for the plaintiffs to insist on forcing the defendants into spending time and resources responding to a motion for summary judgment that may very well be mooted (in whole or in part) by this Court's ruling on the Rule 12(b)(1) and 12(b)(3) motion. More importantly, the defendants cannot respond intelligently to the plaintiffs' motion for summary judgment without knowing what the Court thinks about the jurisdictional and venue objections that they have raised. The defendants also intend to take discovery from the plaintiffs on these jurisdictional and venue issues if this Court denies either the Rule 12(b)(1) or the 12(b)(3) motion, and they must await a ruling from this Court on those pending motions before negotiating a discovery plan with opposing counsel.

## II. THE COURT SHOULD DEFER CONSIDERING THE PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT UNTIL AFTER THE DEFENDANTS HAVE HAD AN OPPORTUNITY FOR DISCOVERY

The defendants have had no opportunity to take discovery from any of the plaintiffs. If this Court denies either the Rule 12(b)(1) or 12(b)(3) motions, then the defendants intend to take discovery on: (1) Whether the plaintiffs can establish "injury in fact" by showing that they have violated the Texas Heartbeat Act in the past, or by

showing that they intend to violate the law in the future now that abortion is independently criminalized by the state's pre-*Roe* abortion ban, its post-*Dobbs* trigger law, and the murder statute; (2) Whether and how the plaintiffs' alleged injuries can be "fairly traceable" to "allegedly unlawful conduct" undertaken by the defendants given that each of the defendants has expressly disclaimed any intention of suing the plaintiffs under the Texas Heartbeat Act; and (3) Whether and how the relief that the plaintiffs seek against the defendants is "likely" to redress the plaintiffs' alleged injuries given that others can sue the plaintiffs under the Texas Heartbeat Act even if the defendants are enjoined from doing so. *See* Declaration of Jonathan F. Mitchell ¶¶ 6–9 (attached as Exhibit 1). The defendants will also seek discovery on whether and to what extent the "events or omissions giving rise to" the plaintiffs' claims occurred in the western district of Texas. *See id.* at ¶ 10; 28 U.S.C. § 1391(b)(2). The defendants will want to depose each of the plaintiffs to ask how, exactly, they are suffering Article III injury from anything that the defendants have done when none of the defendants has ever threatened to sue them under SB 8 and none of the defendants has ever had any intention of doing so. The plaintiffs will also want to take discovery from each of the plaintiffs regarding the location of their alleged Article III injuries, so that the defendants can demonstrate whether venue is appropriate in this district.

The plaintiffs cannot deny the defendants discovery by filing a premature motion for summary judgment. *See Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991) ("[T]he district court in this case should have deferred ruling on the motion for summary judgment until the necessary discovery was complete."); *Access Telecom, Inc. v. MCI Telecommunications Corp.*, 197 F.3d 694, 720 (5th Cir. 1999) ("When a party is not given a full and fair opportunity to discover information essential to its opposition to summary judgment, the limitation on discovery is reversible error."). The Court should defer considering the plaintiffs' motion for summary judgment until after discovery had concluded. *See* Fed. R. Civ. P. 56(d).

### III. IN THE ALTERNATIVE, THE COURT SHOULD SUMMARILY DENY THE PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT BECAUSE IT FAILS TO PRESENT ANY ARGUMENT OR EVIDENCE FOR ARTICLE III STANDING

If the Court is unwilling to defer consideration of the plaintiffs' motion, then it should summarily deny it because the motion contains no argument or evidence for Article III standing—an issue on which the plaintiffs' bear the burden of proof. *See Carney v. Adams*, 141 S. Ct. 493, 499 (2020) ("[P]laintiff bears the burden of proving standing"); *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2207–08 (2021) ("As the party invoking federal jurisdiction, the plaintiffs bear the burden of demonstrating that they have standing."). The plaintiffs cannot assume Article III standing and proceed directly to the merits. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) (rejecting the doctrine of hypothetical jurisdiction). The plaintiffs know full well that the defendants are contesting Article III standing, and they know that the defendants have submitted sworn declarations denying the existence of traceability and redressability under Article III. *See* Sharp Decl., ECF No. 63-4; Weldon Decl., No. 63-5; Maxwell Decl., ECF No. 63-6. For the plaintiffs to file a motion for summary judgment that does not even attempt to demonstrate or present an argument for Article III standing in the face of these sworn declarations is an affront to the Court.

### IV. THE COURT SHOULD DEFER CONSIDERATION OF THE MOTION FOR SUMMARY JUDGMENT UNTIL AFTER THE A SCHEDULING ORDER IS ENTERED IN ACCORDANCE WITH LOCAL RULE 16

The motion for summary judgment is premature for yet another reason: The Court has not entered a scheduling order, as required by Local Rule 16(a). *See* Local Rule 16(a) ("A scheduling order must be entered in every case except those exempted in subdivision (b) of this rule."). Rule 16(b) lists the cases that are exempt from this requirement, but lawsuits challenging the constitutionality of abortion statutes are not the list. Litigants in the western district of Texas do not get to file motions for

summary judgment whenever they want. They must do so according to an orderly, court-approved schedule that is issued after a Rule 26(f) conference and after the parties have submitted their proposed scheduling orders to the Court. Litigants challenging abortion statutes do not get special dispensations from these rules.

### V. There Is No Justification For The Plaintiffs To Fast-Track This Case Toward Final Judgment

There is no conceivable justification for the plaintiffs to insist on barreling this case toward summary judgment while the defendants await a ruling from this Court on their jurisdictional and venue objections. The plaintiffs are not facing any type of emergency that warrants immediate relief from this Court. They were also content to wait until November 15, 2022, to file their renewed motion for summary judgment—more than four months after they withdrew their previous motion for summary judgment in response to *Dobbs*. And they have made no claim that they will be prejudiced by postponing consideration of a motion for summary judgment that they took more than four months to submit.

### CONCLUSION

The Court should defer consideration of the plaintiffs' motion for summary judgment, or it should summarily deny the motion.

Respectfully submitted.

/s/ Jonathan F. Mitchell
Jonathan F. Mitchell
Texas Bar No. 496344
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

Dated: January 19, 2023            *Counsel for Defendants*

## CERTIFICATE OF CONFERENCE

  I have conferred with Rupali Sharma, counsel for the plaintiffs, and she informed me that the plaintiffs oppose this motion. We conferred in a good-faith attempt to resolve this matter by agreement but were unable to reach agreement on the issues discussed in this motion. *See* Local Rule CV-7(g).

 /s/ Jonathan F. Mitchell 
JONATHAN F. MITCHELL
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that on January 19, 2023, I served this document through CM/ECF upon:

Stephanie Toti
Juanluis Rodriguez
Sneha Shah
Lawyering Project
41 Schermerhorn Street, No. 1056
Brooklyn, New York 11201
(646) 490-1083 (phone)
(646) 480-8622 (fax)
stoti@lawyeringproject.org
prodriguez@lawyeringproject.org
sshah@lawyeringproject.org

Rupali Sharma
Lawyering Project
113 Bonnybriar Road
South Portland, Maine 04106
(908) 930-6645 (phone)
(646) 480-8622 (fax)
rsharma@lawyeringproject.org

Melissa C. Shube
Lawyering Project
712 H Street NE, Suite 1616
Washington, D.C. 20002
(646) 480-8942 (phone)
(646) 480-8622 (fax)
mshube@lawyeringproject.org

Tanya Pellegrini
Lawyering Project
584 Castro Street, No. 2062
San Francisco, California 94114
(646) 480-8973 (phone)
(646) 480-8622 (fax)
tpellegrini@lawyeringproject.org

Dorian Vandenberg-Rodes
Shellist Lazarz Slobin LLP
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
(713) 621-2277 (phone)
(713) 621-0993 (fax)
drodes@eeoc.net

 /s/ Jonathan F. Mitchell
Jonathan F. Mitchell
*Counsel for Defendants*