IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WENDY DAVIS, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | 1:22-CV-373-RP |
| | § | |
| MISTIE SHARP, et al., | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Before the Court is Defendants Mistie Sharp, Sadie Weldon, and Ashley Maxwell's ("Defendants") Motion to Dismiss First Amended Complaint for Lack of Subject-Matter Jurisdiction and Lack of Venue. (Dkt. 63). Plaintiffs Wendy Davis, Marva Sadler, Sean Mehl, and Stigma Relief Fund ("Plaintiffs") filed a brief in opposition on September 22, 2022. (Dkt. 66). Defendants filed a reply on September 29, 2022. Having considered the parties' briefs, the record, and the relevant law, the Court will grant Defendants' motion.

**I. BACKGROUND**

This case is a pre-enforcement challenge to Texas Senate Bill 8 ("S.B. 8"). S.B. 8 bans abortion beginning at approximately six weeks of pregnancy. (First. Am. Compl., Dkt. 62, at 1, 10). The statute delegates enforcement authority to private citizens, allowing people other than a government official to bring a civil lawsuit against anyone who provides an abortion in violation of the statute, "aids or abets" such an abortion, or intends to do so. (*Id.* at 1–2, 10–11); S.B. 8 (codified at Tex. Health & Safety Code § 171.208[1]). S.B. 8 authorizes these suits regardless of whether the plaintiff has any connection to the abortion or person sued. (First Am. Compl., Dkt. 62, at 2, 12). If a claimant in an S.B. 8 case prevails, they are entitled to (1) "injunctive relief sufficient to prevent"

---

[1] Subsequent citations to S.B. 8 will refer to the respective sections of the Texas Health and Safety Code only.

1

future violations; (2) "statutory damages . . . of not less than $10,000 for each abortion" performed, induced, or aided and abetted; and (3) "costs and attorney's fees." Tex. Health & Safety Code § 171.208(b).

Stigma Relief Fund is a non-profit Texas abortion fund, and the three individual plaintiffs are Wendy Davis, Marva Sadler, and Sean Mehl, all of whom are supporters of Stigma Relief Fund and of access to safe abortion. Plaintiffs are private citizens who are suing the defendant private citizens for alleged violations of their constitutional rights. Plaintiffs claim that statements made by Defendants chill their First Amendment rights to speak out about and fund abortion care. (First. Am. Compl., Dkt. 62, at 5–6). Plaintiffs claim that Defendants have made credible threats to enforce S.B. 8 against Texas abortion funds and their associates. (*Id.* at 14–16). For example, Defendants Weldon and Maxwell have filed state court petitions to take depositions and investigate potential lawsuits against two Texas abortion Funds—Lilith Fund for Reproductive Equity and North Texas Equal. (First. Am. Compl., Dkt. 62, at 14–15).

Plaintiffs filed their amended complaint on August 25, 2022. (*Id.*). Defendants filed a motion to dismiss for lack of subject matter jurisdiction and lack of venue on September 8, 2022. (Mot. Diss., Dkt. 63). Plaintiffs filed a response on September 22, 2022. (Resp., Dkt. 66). Defendants filed a reply in support of their motion on September 29, 2022. (Reply, Dkt. 69). As part of their motion to dismiss, each Defendant filed a declaration where they state that they have no intention to sue any of the Plaintiffs. (Sharp Decl., Dkt. 63-4; Weldon Decl., Dkt. 63-5; Maxwell Decl., Dkt. 63-6).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) allows a party to assert lack of subject-matter jurisdiction as a defense to suit. Fed. R. Civ. P. 12(b)(1). Federal district courts are courts of limited jurisdiction and may only exercise such jurisdiction as is expressly conferred by the Constitution and federal statutes. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court

properly dismisses a case for lack of subject matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied*, 536 U.S. 960 (2002). "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id.* In ruling on a Rule 12(b)(1) motion, the court may consider any one of the following: (1) the complaint alone; (2) the complaint plus undisputed facts evidenced in the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

## III. DISCUSSION

The Court's analysis begins and ends with its determination that Plaintiffs lack standing to sue over S.B. 8 because they have not articulated a credible, imminent threat that can be attributed to Defendants. In *Whole Woman's Health v. Jackson*, the Supreme Court dismissed all claims against the Mark Lee Dickson after he provided sworn declarations renouncing his intention to sue. *See* 142 S. Ct. 522, 537 (2021) (dismissing claims against Dickson because petitioners could not "establish 'personal injury fairly traceable'"). Because Defendants have provided similar declarations renouncing any intention to sue, the Court must find that Plaintiffs have likewise failed to establish "'personal injury fairly traceable'" to Defendants' conduct. *Id.*

Plaintiffs argue that unlike Dickson, Defendants here "have made written, public statements" declaring their intent to sue Texas abortion funds and their associates and taken "concrete steps" towards doing so. (Resp., Dkt. 66, at 14–15). But Dickson had also made written, public threats on social media. *See Whole Woman's Health v. Jackson*. No. 1:21-CV-616-RP (W.D. Tex. filed Jul. 13, 2021) (Compl., Dkt. 1, at 16 n.4). The fact that some of Defendants made some sworn

statements as part of court filings does not sufficiently distinguish the statements from Dickson's statements on social media.

Furthermore, many of Defendants' threats and "concrete steps" appear to target specific abortion funds that are not parties to this suit. For example, Defendants Weldon and Maxwell filed Rule 202 Petitions against two Texas abortion funds—Lilith Fund for Reproductive Equity and North Texas Equal Access Fund—and issued accompanying press releases. (First. Am. Compl., Dkt. 62, at 14–15). If anything, the specificity of these petitions lessens the threats' immediacy. In short, Plaintiffs have not sufficiently distinguished these threats and the sworn statements disavowing them to show an injury.

S.B. 8 was designed to evade judicial review so that a plaintiff likely could only challenge the law by subjecting themselves to liability. *See United States v. Texas*, 566 F. Supp. 3d 605, 628 (W.D. Tex.), *cert. granted before judgment*, 142 S. Ct. 14 (2021) (discussing legislative history of S.B. 8). Nonetheless, the Supreme Court's holding in *Whole Woman's Health* is clear. Like the defendants in *Whole Woman's Health*, Defendants in this case have unequivocally renounced any intention to sue Plaintiffs under S.B. 8. With that, Plaintiffs no longer can establish an adequate injury, and the Court must grant Defendants' motion and dismiss Plaintiffs' claims for lack of standing.

## IV. CONCLUSION

For the reasons given above, **IT IS ORDERED** that Defendants' motion to dismiss, (Dkt. 63), is **GRANTED**. Plaintiffs' claims are **DISMISSED** for lack of subject matter jurisdiction.

**SIGNED** on February 15, 2023.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE